JACOBS v. BLAIR et al.

(Supreme Court, Appellate Division, First Department.   July 10, 1913.)

RECEIVERS (§ 180*)—SERVICE—RECEIVERS.

Judicial Code March 3, 1911, c. 231, §§ 65, 66, 36 Stat. 1104 (U. S. Comp. St. Supp. 1911, p. 155), re-enacting sections 2, 3, Act Cong. March 3, 1887, c. 373, 24 Stat. 554 (U. S. Comp. St. 1901, p. 582), provides that every receiver or manager of any property appointed by any federal court may be sued without previous leave of the court in which the receiver or manager was appointed, but such suit shall be subject to the general equity jurisdiction of the court in which such receiver was appointed. A receiver was appointed for an interstate railway company, and he retained the former general agent in the city of New York, and also the agent at Buffalo, whom the railway company had designated as a person upon whom service of process could be made. Plaintiff, who was injured on the railway, served both the general and the former process agent. Held, that this was a sufficient service, for under the act of Congress a receiver could be sued without any previous leave of court, and the service would have been sufficient under Code Civ. Proc. § 432, providing that service

upon a foreign corporation may be made by delivery to the designated officer, or to the cashier, director, or managing agent.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 358; Dec. Dig. § 180.*]

Ingraham, P. J., and McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Joseph M. Jacobs against Frank W. Blair and others, as receivers of the Pere Marquette Railroad Company. From an order denying a motion to set aside service of summons and complaint, defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edward B. Boise, of New York City, for appellants.

Abram I. Elkus, of New York City (John De R. Storey, of New York City, on the brief, and James, Schell & Elkus, of New York City, of counsel), for respondent.

CLARKE, J. This action is brought by a resident of the city of New York against the receivers of the Pere Marquette Railroad Company, a Michigan corporation, to recover damages for personal injuries sustained while a passenger in a collision on October 3, 1912, in the state of Michigan. On April 5, 1912, the United States District Court for the Eastern District of Michigan duly appointed Newman Erb, Frank W. Blair, and Dudley E. Waters receivers of the railroad and other property of said company. Subsequently Erb resigned, and Samuel M. Felton was appointed in his place August 26, 1912. Said receivers duly qualified and entered upon the discharge of their duties as such receivers, and are still acting.

The Pere Marquette Railroad Company had heretofore duly designated William L. Marcy of Buffalo as a person upon whom service of process could be made. The receivers after their appointment did not designate any such agent. The summons and complaint were served on the defendants on February 11, 1913, at 290 Broadway, New York City, by delivering copies thereof to Edward B. Johns, a managing agent of defendants. Copies thereof were also delivered to Mr. Marcy. The motion to set aside the service was based solely upon the ground that the summons and complaint were not served upon any authorized person.

Before the appointment of its receivers, the Pere Marquette Railroad Company had offices in New York City and Buffalo. On the ground floor of 290 Broadway the company had its ticket office, and on the eighth floor its New York City offices, where Mr. Johns, the general eastern agent, was located. In those offices were desks, chairs, filing cases, maps, other office furniture, and accessories. A general soliciting business for freight was transacted there. In Buffalo the company had freight cars, furniture, and stationery cabinets. The defendants entered into possession of all this property and the offices upon their appointment. They issued letter heads:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Pere Marquette Railroad Company. Frank W. Blair, Dudley E. Waters, S. M. Felton, Receivers. Office of General Eastern Freight Agent, 290 Broadway, New York, N. Y."

They issued a time table at 290 Broadway, dated June 12, 1912, bearing the names of the receivers, and under the heading "outside offices and agencies" appears "New York City, 290 Broadway, E. B. Johns, General Eastern Agent." There is no dispute as to these facts. If the corporation were not in the hands of receivers, there could be no doubt that the court would have jurisdiction. Section 1780 of the Code of Civil Procedure provides that "an action against a foreign corporation may be maintained by a resident of the state * * * for any cause of action." Section 432 provides that personal service of the summons upon a foreign corporation must be made by delivering a copy thereof within the state "(2) To a person designated for the purpose as provided in section 16 of the General Corporation Law. (3) If such designation is not in force, or if neither the person designated, nor an officer specified in subdivision first of this section, can be found with due diligence, and the corporation has property within the state, or the cause of action arose therein, to the cashier, a director, or a managing agent of the corporation, within the state." But the railroad is in the hands of receivers. They have property within the state. They have not designated a person to receive service. Johns is their managing agent. The summons was served upon him. They received it. In my opinion such service was good under the provisions of sections 65 and 66 of Judicial Code Act March 3, 1911, c. 231, 36 Stat. 1104 (U. S. Comp. St. Supp. 1911, p. 155), re-enacting sections 2 and 3 of Act Cong. March 3, 1887, c. 373, 24 Stat. L. 554 (U. S. Comp. St. 1901, p. 582), as interpreted by the courts. Section 66 (formerly section 3) provides:

"Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed, but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice."

Baer v. McCullough, 176 N. Y. 97, 68 N. E. 129, was an action against receivers of the property of the New York, Lake Erie & Western Railroad, appointed by the United States Circuit Court, for damages from a fire due to negligence. For a unanimous court, Parker, C. J., said:

"The action was brought against defendants while they were receivers, and in full possession of the property, and it was properly brought under that provision of the Revised Statutes of the United States which authorizes the bringing of actions, without previous leave of the court, against a receiver appointed by a federal court in respect to any act or transaction of his in carrying on the business connected with such property. * * * Clearly the statute indicates that it was a part of the congressional scheme that the appointment of receivers of great corporations—in the case of railroads, covering hundreds and sometimes thousands of miles, with property extending through many different counties and states—should not operate to prevent parties having claims against such corporations, or against the receivers thereof, from proceeding in the courts of the neighborhood precisely as they could have done when the corporation was managing the property. And to

save the citizen unnecessary expense, and the more surely to protect him in his rights, it provided, in effect, that the right to bring the action should not depend upon the will of the court appointing the receivers, and so could be brought without the consent of such court."

Eddy et al., as Receivers of the Missouri, Kansas & Texas Railway Co., v. Lafayette et al., 163 U. S. 456, 16 Sup. Ct. 1082, 41 L. Ed. 225, was an action brought in the United States Court in the Indian Territory for damages to property caused by negligence. The defendants were receivers appointed by the United States Circuit Court. Shiras, J., said:

"The first question presented is whether the trial court acquired jurisdiction to try the case against Eddy and Cross, receivers of the Missouri, Kansas & Texas Railway, by virtue of the summons served on one Williams as agent of said receivers in charge of their station at Muskogee in the Indian Territory."

By act of Congress certain general laws of the state of Arkansas, including those relating to questions of practice and procedure, were extended to and put in force in the Indian Territory.

"It is conceded that under the laws of Arkansas, which have been made applicable to the Indian Territory, such service as was had in the present case is sufficient to confer jurisdiction, when the defendant is a railway company or a foreign corporation. The trial court and also the Circuit Court of Appeals were of opinion that the third section of the judiciary act of March 3, 1887 (24 Stat. 554), authorizing suits to be brought against the receivers of railroads, without special leave of the court by which they were appointed, was intended to place receivers upon the same plane with railroad companies, both as respects their liability to be sued, for acts while operating a railroad and as respects the mode of service. We concur in that view, and in the conclusion reached that the service in the present case, or an agent of the receivers, was sufficient to bring them into court in a suit arising within the Indian Territory."

Gableman v. Peoria, Decatur & Evansville Railway Co., Edward O. Hopkins, Receiver, 179 U. S. 335, 21 Sup. Ct. 171, 45 L. Ed. 220, was an action brought in the Superior Court for Vanderburg county, Ind., for damages for personal injuries. Defendant Hopkins, at the time the injuries were received and the suit brought, was receiver of the road appointed by the United States Circuit Court for the Southern District of Illinois. The receiver removed the case into the Circuit Court for the District of Indiana. The questions of law which the Circuit Court certified up were: (1) Did the Circuit Court of the United States for the District of Indiana have upon these facts jurisdiction to try the cause? (2) Was the cause one properly removable into the Circuit Court of the United States? Fuller, C. J., after quoting section 3 of the Acts of 1887 and 1888, said:

"This act abrogated the rule that a receiver could not be sued without leave of the court appointing him, and gave the citizen the unconditional right to bring his action in the local courts, and to have the justice and amount of his demand determined by the verdict of a jury. He ceased to be compelled to litigate at a distance, or in any other forum, or according to any other course of justice, than he would be entitled to if the property or business were not being administered by the federal court. The object of the section is manifest, and it is equally plain that the object would be open to be defeated if the receiver could remove the case at his volition. The intention to permit this to be done cannot reasonably be imputed to Congress, and, moreover, such a right would be inconsistent with the general policy of the act."

The decisions of the federal courts hold that jurisdiction over receivers appointed by federal courts is acquired under the provisions of the above act in the way provided by state laws for acquiring jurisdiction over corporations—that is, by service upon an agent of the receivers.

In Central Trust Co. v. St. Louis, A. & T. R. R. Co. (C. C.) 40 Fed. 426, the court said:

"The right to sue the receivers necessarily carries with it the right to serve the required process to make the suit effectual. This is implied in the act. What is implied in an act is as much a part of it as what is expressed. Process need not be served on the railroad receivers personally. It would be impracticable to do so in many cases. It is impracticable in this."

High on Receivers (4th Ed.) p. 544, states the rule:

"And process may be served upon the receiver in the same manner prescribed by the law of the state for the service of like process upon the corporation over which he has been appointed."

As in Eddy v. Lafayette, supra, the station agent of the road became the station agent of the receivers, and service upon him was service upon them, so here, the general Eastern agent of the road, who was a managing agent, became the general Eastern agent of the receivers, and, as they had property within the state, service upon him was service upon them.

"The third section * * * was intended to place receivers upon the same plane with railroad companies, both as respects their liability * * * and as respects the mode of service."

"This act * * * gave the citizen the unconditional right to bring his action in the local courts." Gableman v. Peoria, D. & E. R. Co., supra.

The order appealed from should be affirmed, with $10 costs and disbursements to the respondent.

LAUGHLIN and SCOTT, JJ., concur.

INGRAHAM, P. J. (dissenting). The defendants were appointed by the United States District Court, receivers of the Pere Marquette Railroad Company, a Michigan corporation, and while they were operating that railroad the plaintiff, a resident of this state, was injured and brought this action to recover the damages sustained thereby. The foreign corporation is not a defendant, but it is the individual defendants who were operating the railroad who are alleged to be liable for the plaintiff's injuries and who are sued. The action is in the Supreme Court of the state of New York, and to give this court jurisdiction service of process must be made on the defendants as required by the law of the state of New York. Such service is regulated by the Code of Civil Procedure.

Section 426 of that Code provides for service on a natural person. Subdivision 1 provides for the service of a summons on an infant. Subdivision 2 on a person judicially declared incompetent to manage his affairs. Subdivision 3 on a sheriff, and subdivision 4 provides: "In any other case, to the defendant in person." It is not claimed that defendants come within either of the first three subdivisions of

this section, and therefore the fourth subdivision controls. Section 432 of the Code provides for service of process on a foreign corporation; but, as the defendants are not a corporation, that section does not apply. The summons and complaint in this action were served upon an agent of the railroad corporation who represented the corporation before the appointment of the defendants as receivers; and it may be conceded that he continued to represent the defendants in this state after their appointment, but there is no provision of the Code allowing the service of a summons on the agent of a natural person, unless such agent has been designated under section 430 of the Code. The service on the agent is, however, sought to be upheld under an act of Congress (sections 65 and 66, Judicial Code; Act March 3, 1911, c. 231). As I read that act, it applies to actions commenced in the courts of the United States or established by the United States. The act does not attempt to regulate actions commenced in the state courts; and it seems to me it has absolutely no application to the method of service of process in the Supreme Court of the state of New York. But, if Congress had attempted to direct how process in the Supreme Court of the state of New York should be served, such direction could not override the law of New York, and authorize a method of service not provided for by the law of this state.

The cases cited by Mr. Justice CLARKE do not at all apply. So far as they hold that receivers appointed by a federal court may be sued in a state court without leave of the court that has appointed them, and that, as this action was properly brought in this court, they are controlling. We have nothing to do with the cases that hold that actions brought in the federal courts are regulated by the act of Congress in question. But no case to which we are referred has held that this act of Congress overrides the law of a state which prescribes how process shall be served to give its courts jurisdiction.

As the summons was not served on the defendants as provided by the law of this state, the service should have been set aside.

The order should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

McLAUGHLIN, J., concurs.