(164 App. Div. 612)

### GURSKY v. BLAIR et al. (No. 6390.)

(Supreme Court, Appellate Division, First Department. December 4, 1914.)

CORPORATIONS (§ 687*) — FOREIGN CORPORATIONS — RECEIVERS — PROCESS — SERVICE—SUFFICIENCY.

The Michigan receivers of a Michigan corporation are entitled to the vacation of the service of summons and complaint in an action against them, where service was upon persons in the state of New York whom it was not shown were connected either with the corporation or the receivers, and it did not appear that the corporation had property within the state, or that the receivers had failed to designate a person upon whom service could be made.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2669, 2670; Dec. Dig. § 687.*]

Appeal from Special Term, New York County.

Action by Simon Gursky against Frank W. Blair and others, as receivers of the Pere Marquette Railroad Company. From orders deny-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing motions to set aside service of summons and complaint, defendants appeal. Orders reversed, and motions granted.

See, also, 149 N. Y. Supp. 1085.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edward B. Boise, of New York City, for appellants.

McLAUGHLIN, J. The defendants are receivers of the Pere Marquette Railroad Company, a Michigan corporation, in which state they reside. Copies of the summons and complaint were served upon William L. Marcy, in the city of Buffalo, N. Y., and upon Edward B. Johns, in the city of New York. The defendants appeared specially and moved to set aside the service. The motions were denied, and they appeal.

I am of the opinion the motions should have been granted. No affidavits were submitted in opposition to the motions, and there is nothing in the moving papers to show that Marcy or Johns, when the service was made, had any connection whatever, either with the railroad company or the receivers, or either of them. In this respect the case is radically different from Jacobs v. Blair, 157 App. Div. 601, 142 N. Y. Supp. 897. There it appeared that the railroad company had property in the state of New York and that its receivers had not designated any person upon whom service of process could be made. A majority of the court held that in an action by a resident of this state against the receivers the summons could be served upon their managing agent here. In this case it does not appear whether the railroad company has any property in the state, whether the receivers have designated a person upon whom service of process might be made; or, as already indicated, that the persons upon whom copies of the summons were served had any connection with the defendants whatever.

The orders appealed from, therefore, are reversed, with $10 costs and disbursements, and the motions granted, with $10 costs. All concur.