SIMON GURSKY, Respondent, v. FRANK W. BLAIR et al.,
Appellants.

Process — service of summons on agents of receivers of foreign
corporation — when papers do not show that personal service
could not have been made on receivers in this state service must
be set aside.

The Code of Civil Procedure contemplates that before service of
a summons is made on the managing agent of a foreign corpora-
tion diligent efforts should be made to serve the officers of the cor-
poration or its designated agent. Service upon the managing
agent can be resorted to only after efforts to reach the corporation
more directly have failed. Therefore, service upon agents of
receivers of a foreign railroad corporation was properly set aside on
the ground that the papers do not show that the plaintiff could
not in the exercise of due diligence have made service on the
receivers within this state.

*Gurksy* v. *Blair*, 170 App. Div. 976, reversed.

(Argued February 28, 1916; decided April 18, 1916.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial
department, entered October 29, 1915, which affirmed an
order of Special Term denying a motion to set aside the
summons and complaint herein.

The facts, so far as material, are stated in the opinion.

*Edward B. Boise* for appellants. Under the law of
the state of New York the service attempted in this
action was insufficient to confer jurisdiction upon the
Supreme Court. (*Atlantic Trust Co.* v. *Chapman,*
208 U. S. 360; *Pennsylvania Steel Co.* v. *N. Y. City
Ry. Co.,* 198 Fed. Rep. 721; *New York, P. & O. R.
Co.* v. *New York, L. E. & W. R. R. Co.,* 58 Fed.
Rep. 268; *Union Nat. Bank* v. *Kansas City Bank,* 136
U. S. 223; *Fosdick* v. *Schall,* 99 U. S. 235; *Meier* v.

*Kansas Pac. Ry. Co.*, 5 Dill. 476; *Wood* v. *Oregon Development Co.*, 55 Fed. Rep. 901; *U. S.* v. *De Coursey*, 82 Fed. Rep. 302; *Sigua Iron Co.* v. *Brown*, 58 App. Div. 436; 171 N. Y. 488; *Walling* v. *Miller*, 108 N. Y. 173; *Keeney* v. *Home Ins. Co.*, 71 N. Y. 396.) The law of the state of New York with respect to the service necessary to give the Supreme Court of the state of New York jurisdiction over the defendants in this action is controlling upon this appeal. (*Jacobs* v. *Blair*, 157 App. Div. 601; *Walton* v. *Bryenth*, 24 How. Pr. 357; *Lewis* v. *Randall*, 30 How. Pr. 378; *Ex parte Knowles*, 5 Cal. 300; *U. S.* v. *Campbell*, Tapp [Ohio], 29; *Davison* v. *Champlin*, 7 Conn. 244; *Ely* v. *Peck*, 7 Conn. 239; *Gableman* v. *Peoria, etc., R. Co.*, 179 U. S. 335; *Central Trust Co.* v. *St. Louis, A., T. & S. F. Ry. Co.*, 40 Fed. Rep. 426.) Jurisdiction over the defendants cannot be acquired by the Supreme Court by serving the agents of the corporation in this state or by serving the agents of the defendants in the same manner as if the defendants were a corporation. (*Booth* v. *Clark*, 17 How. [U. S.] 332; *Hale* v. *Allenson*, 188 U. S. 56; *G. W. M. & M. Co.* v. *Harris*, 198 U. S. 561; *Fowler* v. *Osgood*, 141 Fed. Rep. 20; *Sigua Iron Co.* v. *Brown*, 171 N. Y. 488; *Keeney* v. *Home Ins. Co.*, 71 N. Y. 396; *Herring* v. *N. Y., L. E. & W. R. R. Co.*, 105 N. Y. 340; *Simpkins* v. *Smith & Parmelee Gold Co.*, 50 How. Pr. 56; *Howard* v. *Railway Co.*, 11 App. D. C. 300.)

*Leonard F. Fish* and *L. H. Schleider* for respondent. Jurisdiction over receivers of railroads appointed by Federal courts in foreign states is acquired by service of summons and complaint in accordance with section 432 of the Code of Civil Procedure. (*Gableman* v. *Peoria, D. & E. R. Co.*, 179 U. S. 335; *Eddy* v. *Lafayette*, 49 Fed. Rep. 807; affd., 163 U. S. 456; *Central Trust Co.* v. *St. Louis, A. & T. Ry. Co.*, 40 Fed. Rep. 426; *Nashville Ry. & Light Co.* v. *Bunn*, 168 Fed. Rep. 862; *Dale* v.

*Smith*, 182 Fed. Rep. 360; High on Receivers [4th ed.], 544; *Baer* v. *McCullough*, 176 N. Y. 97; *Wilcox* v. *Jones*, 177 Fed. Rep. 870; *Stewart* v. *Harmon*, 98 Fed. Rep. 190; *Peterson* v. *Baker*, 78 Kan. 337; *Le Fevre* v. *Matthews*, 39 App. Div. 232.) The defendants as receivers of the Pere Marquette Railroad Company were validly served in accordance with the provisions of section 432 of the Code of Civil Procedure. (*Stewart* v. *Harmon*, 98 Fed. Rep. 90; *Palmer* v. *C. E. Post Co.*, 85 Hun, 403; *Palmer* v. *Pennsylvania Co.*, 35 Hun, 369; *Hiller* v. *B. & M. R. R. Co.*, 70 N. Y. 223; *Faltisko* v. *N. Y., L. E. & W. R. R. Co.*, 12 Misc. Rep. 478; 151 N. Y. 650; *Tuchband* v. *C. & A. R. R. Co.*, 115 N. Y. 437; *D. & R. G. R. R. Co.* v. *Roller*, 100 Fed. Rep. 738; *Brayton* v. *New York, L. E. & W. R. R. Co.*, 72 Hun, 602; *Palmer* v. *Chicago Evening Post Co.*, 85 Hun, 403.)

CUDDEBACK, J. This is a motion on behalf of the defendants to set aside the service on them of the summons and complaint in the action.

On April 5, 1912, the defendants, or their predecessors in office, by an order of the United States District Court for the Eastern District of Michigan, were appointed the receivers of the Pere Marquette Railroad Company, a corporation organized and existing under the laws of the state of Michigan, and operating a railroad in that state.

On April 12 of the same year, the plaintiff, while a passenger upon such railroad, was injured through the negligence of the receivers or their employees and servants at Grand Rapids in the state of Michigan.

The plaintiff brought this action against the receivers in the Supreme Court of this state to recover damages for his injuries. The summons in the action was served at the city of New York on one E. B. Johns, the general eastern agent of the receivers, with offices in that city, and also on William L. Marcy at Buffalo, N. Y., who was the agent of the Pere Marquette Railroad Company

designated under section 16 of the General Corporation Law for the service of process on it in this state.

It is claimed that such service was sufficient to reach the receivers under the provisions of section 66 of the Judicial Code of the United States. That section is as follows: "Section 66. Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice."

In *Eddy* v. *Lafayette* (163 U. S. 456, 464) the court said of this statute and its application to receivers of railroad companies, that it "was intended to place receivers upon the same plane with railroad companies, both as respects their liability to be sued for acts done while operating a railroad and as respects the mode of service." *Eddy* v. *Lafayette* was an action brought in the courts of the Indian Territory against the receivers of the Missouri, Kansas and Texas Railway, a foreign corporation, and under the statutes in force in the territory the railroad company could be reached with the process of the territorial court by service of the same within the territory upon a station agent of the receivers. The holding of the United States Supreme Court was that the service on a station agent employed by the receivers was sufficient to bring them into court.

The plaintiff in the case at bar urges that inasmuch as the defendants were appointed under the Federal law they are subject to the liability mentioned in section 66 of the Judicial Code, and that section as construed by the Supreme Court authorizes such service of process upon the receivers as was made in this case. I think that view of the law cannot be sustained.

*Eddy* v. *Lafayette* adopts the same practice in serving process on railroad receivers as that which controls in serving foreign corporations. Section 432 of the Code of Civil Procedure regulates the service of process on foreign corporations in this state, and it provides: "Section 432. Personal service of the summons upon a defendant, being a foreign corporation, must be made by delivering a copy thereof, within the State, as follows:

"1. To the president, vice-president, treasurer, assistant treasurer, secretary or assistant secretary; or, if the corporation lacks either of those officers, to the officer performing corresponding functions, under another name.

"2. To a person designated for the purpose as provided in section 16 of the General Corporation Law.

"3. If such a designation is not in force, or if neither the person designated, nor an officer specified in subdivision first of this section, can be found with due diligence, and the corporation has property within the State, or the cause of action arose therein; to the cashier, a director, or a managing agent of the corporation, within the State."

4. In certain contingencies, not important here, upon the secretary of state.

Under this section of the Code of Civil Procedure the service of the summons on William L. Marcy, the designated agent for the service of process on the Pere Marquette Railroad Company, was not sufficient service upon the receivers. The receivers were not required to designate a person on whom process might be served (*United States* v. *Nixon*, 235 U. S. 231), and Mr. Marcy was not their agent. The case is not within the reasoning of *Eddy* v. *Lafayette* because the station agent served in that case was the agent of the receivers as distinguished from an agent of the railroad company.

Neither was the service of the summons on E. B. Johns, the general eastern agent of the receivers in the city of

New York, sufficient service upon the receivers under the Code of Civil Procedure, even if Johns is regarded as the managing agent of the defendants.  The Code contemplates that before service is made on the managing agent of a foreign corporation diligent efforts should be made to serve the officers of the corporation or its agent designated under the General Corporation Law.   Service upon the managing agent can be resorted to only after efforts to reach the corporation more directly have failed.   So far as the papers in this case show the receivers could have been served personally within the state, but no efforts to find them were made.   For all that appears the receivers might have been in the New York city office when Johns was served.   The papers should show that the plaintiff could not in the exercise of due diligence make service on the receivers within this state.

The orders appealed from should be reversed, with costs, and the question certified answered in the negative.

Hiscock, Collin and Hogan, JJ., concur; Seabury and Pound, JJ., dissent; Willard Bartlett, Ch. J., not voting.

Orders reversed.