FREDERICK W. SWIFT, Respondent, v. THE MATTHEWS ENGINEERING Co., Appellant.

Second Department, May 18, 1917.

Process — service of summons in this State on managing agent of foreign corporation — failure to use diligent efforts to serve officers.

Where a foreign corporation, although not authorized to transact business in this State and not having designated a person upon whom service of process can be made, has an office in the city of New York where a sales manager transacts a continuous and permanent course of business, employing several agents to solicit and forward orders to it, which are filled from its plant in the foreign State, a summons in an action for services alleged to have been rendered may be served upon said sales manager as a "managing agent;" but said service is invalid where it appears that the plaintiff made no prior effort personally to serve in this State any of defendant's officers mentioned in subdivision 1 of section 432 of the Code of Civil Procedure.

Service of a summons upon the managing agent of a foreign corporation in this State can only be resorted to and made effectual as the commencement of an action against the corporation, in a court of this State, after diligent efforts to obtain personal service upon one of such officers therein has been made and failed.

APPEAL by the defendant, The Matthews Engineering Co., from an order of the Supreme Court, made at the Dutchess Special Term and entered in the office of the clerk of the county of Dutchess on the 27th day of February, 1917, denying its motion to set aside the service of the summons herein on the ground that the person served was not a proper person to be served under the provisions of section 432 of the Code of Civil Procedure.

*Charles J. Holland,* for the appellant.

*N. Otis Rockwood* [*M. Glenn Folger* with him on the brief], for the respondent.

RICH, J.:

The defendant, a foreign corporation having its principal place of business in the State of Ohio, is doing business here, although no certificate authorizing it to transact business in this State has been filed and no person designated upon whom service of process could be made. The action is for services alleged to have been rendered to the defendant and its predecessor, as a salesman in selling light and power plants. The defendant corporation is listed in the New York Telephone directory, under its corporate name, the location and place of business being given as its New York office. The summons was served on one Meegan, defendant's sales manager, who had, in the office where the service was made, one of its plants which he exhibited in operation. He had a number of sales agents operating under him, taking orders for plants, which were subject to the approval of defendant at its home office in Ohio. The defendant is not shown to own any property in this State; its office furniture and equipment, with the exception of its exhibition plant, being leased. There is no proof of any effort made by the plaintiff to serve the officers of the corporation within this State. Under the authority of *Tauza* v. *Susquehanna Coal Co.* (220 N. Y. 259), it must be held that the defendant did business in this State and that the service upon Meegan was valid and effective, so far as service upon a manager of a defendant corporation is made valid by law. In that case, and also in *International Harvester* v. *Kentucky* (234 U. S. 579), therein quoted and cited with

approval, it was held that the activities of a foreign corporation, exercised through appointed sales agents, being systematic and regular, were sufficient to subject such corporation to the process of the courts of the State in which such activities were exercised. In the case at bar there was a continuous and permanent course of business transacted by defendant in this State. It is shown that there was a continuous employment of several agents to solicit and forward orders to defendant, which were filled from its manufactory in Ohio, which seems to constitute that " fair measure of permanence and continuity " and " systematic and regular " activities which gives jurisdiction to our courts. Meegan is shown to have been a sales agent in charge of defendant's New York office, and in his letter to the plaintiff regarding his employment by the defendant, written upon its letterhead in which it is stated that defendant has one of its plants in operation at its New York office and that F. W. Meegan is its eastern manager, he says: " I have arranged for representation in part, if not all, of the territory formerly allotted to you. Under the circumstances I do not see my way clear to rescind the arrangements recently entered into with other parties." The letter was signed " The Matthews Engineering Co., F. W. Meegan." It is contended that the letter is not the defendant's; that Meegan for his own convenience, and without authority, took a letterhead of " The Matthews Company," defendant's predecessor, and caused to be printed upon it the words " The Matthews Engineering Co., Successors to," above the words " The Matthews Company," and that the appellant never saw this letterhead and did not know of its existence. One difficulty with this contention, as well as many others advanced by the learned counsel for the defendant, is that they are not supported by any evidence. There is no proof that the defendant did not know of the declarations and acts of its agent. It is a fair and warranted presumption that it did.

Although the facts and presumptions are sufficient to support the respondent's contention as to the defendant's doing business in this State, and that Meegan at the time of the service of the summons upon him was the defendant's " managing agent " within the meaning of those words as

used in the statute, the order must be reversed upon the authority of *Gursky* v. *Blair* (218 N. Y. 41), for the reason that it does not appear that the plaintiff made any effort, or used any diligence to personally serve any of defendant's officers (mentioned in subdivision 1 of section 432 of the Code) in the State of New York before serving Meegan. It is the settled law that service of a summons upon the managing agent of a foreign corporation in this State can only be resorted to and made effectual as the commencement of an action against the corporation in a court of this State, after diligent efforts to obtain personal service upon one of such officers therein has been made and failed. In the reasoning of the court in the case last cited it is said: " So far as the papers in this case show the receivers [who were non-residents of this State] could have been served personally within the State, but no efforts to find them were made. For all that appears the receivers might have been in the New York city office when Johns was served." In the case at bar the moving affidavit of defendant's president was made in the city of New York, and (adopting the reasoning of the court in the case cited) for all that appears he or one or more of defendant's officers might have been in defendant's New York office when Meegan was served. If they were in the State, even temporarily, where personal service upon them of the summons might have been made, their place of residence is wholly immaterial.

The order should be reversed, with ten dollars costs and disbursements, and defendant's motion to set aside the service of the summons is granted, with ten dollars costs.

JENKS, P. J., THOMAS, MILLS and PUTNAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and defendant's motion to set aside the service of the summons granted, with ten dollars costs.