Yeckes-Eichenbaum, Inc., Respondent, *v.* Wilson McCarthy and Henry Swan, as Trustees of the Property of Denver and Rio Grande Western Railroad Company, Debtor, in Proceedings for Reorganization Pursuant to Section 77 of the Bankruptcy Act, Appellants. (Actions Nos. 1 and 2.)

First Department, June 19, 1942.

*James D. Ewing* of counsel [*William R. McDermott* with him on the brief; *Alexander & Green*, attorneys], for the appellants, appearing specially.

*Bernard Tomson* of counsel [*Bernstein, Weiss & Tomson*, attorneys], for the respondent.

Callahan, J. The facts affecting the court's jurisdiction in these actions are distinguishable from those found in the case relied on by the Appellate Term (*Jensen* v. *United Air Lines Transport Corp.*, 255 App. Div. 611; affd., 281 N. Y. 598). There some part of the actual transportation of passengers was carried

on in this State. We find, nevertheless, that jurisdiction was properly upheld in the present cases for the following reasons: (1) Plaintiff is a domestic corporation conducting business in this State; (2) defendants, who are trustees of a railroad appointed in a proceeding brought under section 77 of the Bankruptcy Act (U. S. Code [1934 ed.], tit. 11, § 205), are subject to a suit by a resident of this State arising out of the conduct of the railroad (*Jacobs* v. *Blair*, 157 App. Div. 601; U. S. Code [1934 ed. supps.], tit. 11, § 205, subd. [j]); (3) the actions are for breach of contract of carriage, and, being transitory in nature, jurisdiction was properly acquired in New York by service in one instance on the railroad's officer and, in the other, on its managing agent, who were found here, the business of the railroad being carried on here, as will be hereinafter indicated.

Assuming that the notice of motion to dismiss for lack of jurisdiction properly raised the issue as to whether the suits imposed an unreasonable burden on interstate commerce, we think that, in the light of all the circumstances, a finding was warranted that no such burden was imposed. The evidence discloses that the railroad was doing more than merely soliciting business in this State. It maintained a fiscal office here, where some of its financial affairs were carried on. It also had offices here, with numerous employees who, in connection with the solicitation of business, sold tickets and received moneys for transportation of passengers to points on and beyond the railroad lines maintained by defendants. Though these moneys were turned over to an initial carrier, defendants undoubtedly ultimately received a portion thereof.

The contracts in suit were entered into in Colorado. They provided that the goods shipped were to be consigned to points outside the State, but were subject to subsequent diversion orders rerouting the goods to this State, where they were ultimately delivered. In some instances such agreements of diversion were made while the goods were in the possession of the defendants. From all that appears in this record, the negligence or breach of contract causing the alleged damages may have occurred in New York. We, therefore, determine that the New York courts are warranted in assuming jurisdiction without unreasonably burdening interstate commerce. (*State of Missouri ex rel. St. Louis, B. & M. R. Co.* v. *Taylor*, 266 U. S. 200; *International Milling Co.* v. *Columbia Co.*, 292 id. 511.)

In view of the foregoing, we find it unnecessary to pass on the question as to whether it would be proper to apply section 229-b of the Civil Practice Act here, when the contracts involved were made prior to the adoption of said statute.

The determination of the Appellate Term should be affirmed, with twenty dollars costs and disbursements, with leave to the defendants to answer within five days after service of order, on payment of said costs and the costs awarded by the Appellate Term.

MARTIN, P. J., DORE and COHN, JJ., concur.

Determination unanimously affirmed, with twenty dollars costs and disbursements, with leave to the defendants to answer within five days after service of order, on payment of said costs and the costs awarded by the Appellate Term.