JACOBOWITZ v. THOMSON.

District Court, S. D. New York.

Feb. 13, 1943.

Nathan Cooper, of New York City, for plaintiff.

John B. Doyle, of New York City (Nelson Trottman, of Chicago, Ill., and John B. Doyle, of New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion by the defendant to quash the service of process on the defendant. The grounds of the motion are (1) that service was not made as required by Rule 4 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and (2) that a trial of the action in this district would impose an unreasonable burden on interstate commerce.

The action is for damages for alleged wrongful death of Victor Jacobowitz, a member of the military police of the United States Army, and jurisdiction is invoked solely on the ground of diversity of citizenship. The complaint alleges that the deceased was struck and killed by one of the defendant's westbound passenger trains while he was on duty guarding the westerly end of the defendant's railroad bridge at Clinton, Iowa. The accident occurred on May 29, 1942.

The plaintiff is the mother of the deceased, and has for many years been a citizen and resident of Bronx County, N. Y.; her appointment as administratrix of her deceased son's estate was made by the Surrogate's Court of that county. The deceased was himself a resident of Bronx County at the time of his death.

The defendant is a citizen and resident of Chicago, Ill. He has for some time been, and still is, acting as trustee of the Chicago and North Western Railway, under appointment from the District Court for the Northern District of Illinois in reorganization proceedings under Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205. These proceedings were commenced in 1935.

The railway lines of the Chicago and North Western Railway are located in Illinois, Wisconsin, Michigan, Minnesota, Iowa, Nebraska, South Dakota, North Dakota and Wyoming. None of these lines extends into the State of New York, and no rail operations are performed here. The Chicago and North Western Railway Company is a consolidated corporation organized under the laws of Illinois, Wisconsin and Michigan.

The defendant maintains a financial office at 111 Broadway in New York City, where interest is paid on securities of the Railway Company, stock and registered bonds are transferred, corporate records are kept, and notices to stockholders are sent out. This office is in charge of Harry W. Rush, the defendant's "fiscal representative" and he has a staff of three assistants.

The defendant also maintains at 500 Fifth Avenue in New York City an "off-line agency" for the solicitation of freight and passenger traffic and other incidental activities. The part of the work relating to freight traffic is in charge of a "general agent" of the freight department, who has six assistants; that having to do with the passenger traffic is in charge of a "general agent" of the passenger department, who has four assistants. At this office, tickets are sold for passenger transportation on the Chicago and North Western lines, reservations for Pullman accommodations are made, and freight shipments are arranged and booked.

The affidavits submitted by the defendant state that the train which struck the deceased was westbound from Chicago, Ill., to Clinton, Iowa; that it is an important train on the Galena Division of the railroad, and makes connections with other trains proceeding to different points in the west; that the engineer and fireman of the train will be material witnesses at the trial; and that it would entail considerable hardship to bring these men to New York at this time to testify. It is also asserted that it will be necessary to bring to New York the division engineer at Boone, Iowa, who made surveys of the locality and took measurements of the bridge on which the accident occurred.

The summons and complaint were personally served on Harry W. Rush, fiscal representative of the defendant, on October 23, 1942, at the defendant's office at 111 Broadway, New York City.

1. On the first branch of the motion, I think the service must be upheld. The defendant clearly does business here, and the process was served on Harry W. Rush, the fiscal representative of the defendant in New York City. This constituted service on a "managing agent" as required by Rule 4(d) (7) of the Federal Rules and Section 229(3) of the New York Civil Practice Act. High on Receivers, 4th Ed., p. 544; Gursky v. Blair, 218 N.Y. 41, 112 N.E. 431, L.R.A.1916F, 359; Jacobs v. Blair, 157 App.Div. 601, 142 N.Y.S. 897; Yeckes-Eichenbaum, Inc. v. McCarthy, 264 App.Div. 403, 35 N.Y.S.2d 527.

2. I think the defendant must also fail on the second branch of the motion.

The principal Supreme Court cases in which the question of imposing an unreasonable burden on interstate commerce was considered are carefully reviewed in Judge Patterson's opinion in Bohn v. Norfolk & W. Ry. Co., D.C., 22 F.Supp. 481, and there is little I can add to his analysis. It is to be noted, however, that in none of these cases where the court held that the maintenance of the action would impose an unreasonable burden on interstate commerce was the plaintiff a resident of the State where the action was brought at the time the cause of action accrued. The Supreme Court has also indicated in recent decisions involving actions for personal injuries under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., that the "carrier must submit to inconvenience and expense, if there is jurisdiction, 'although thereby interstate commerce is incidentally burdened.'" Miles v. Illinois Central R. Co., 315 U.S. 698, 701, 62 S.Ct. 827, 829, 86 L. Ed. 1129; Baltimore & Ohio R. Co. v. Kepner, 314 U.S. 44, 51, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222. In the present case there is jurisdiction, and it is difficult to see how a trial of the action here would impose any unreasonable burden on interstate commerce.

The motion of the defendant to quash the service of the process on the defendant is denied.