MAMIE BENWARE, as Administratrix of the Estate of WILBUR T. BENWARE, Deceased, Respondent, *v.* ACME CHEMICAL COMPANY, INC., Appellant, et al., Defendant.

Third Department, November 18, 1954.

*Francis H. Lawler* for appellant appearing specially.

*Kenneth H. Holcombe* for respondent.

BERGAN, J. P. The question presented is whether jurisdiction has been acquired over defendant Acme Chemical Company, Inc., a foreign corporation, by service in New York. We are concerned first of all with the extent to which Acme was in New York at the time of service. It had no office, no bank account, and no property in the State; but it retained continuously in New York six full-time sales representatives who had territories in various parts of the State.

By the regular maintenance of such sales organization of this magnitude and dimension operating persistently and on full time and under constant supervision of the corporation, Acme is deemed to have been doing business sufficiently in New York to have become subject to our process (*International Shoe Co.* v. *Washington,* 326 U. S. 310; *Pine & Co.* v. *McConnell,* 298 N. Y. 27; *Elish* v. *St. Louis Southwestern Ry. Co.,* 305 N. Y. 267).

A bank account, an office or a title to real property are not the exclusive or even the necessary criteria of "doing business". The setting up and maintenance of a permanent sales organization working in New York with its component members in full-time employment by the corporation would surely be regarded in any enlightened view as bringing the corporate entity into New York. Since sales are a main part of its corporate function, such extensive and persistent corporate activity ought to be treated as carrying out in New York a corporate function on a scale sufficient to be seen, felt, palpitated and made subject to process. This organized activity is something more in degree than "mere" solicitation (*Elish* v. *St. Louis Southwestern Ry. Co., supra*). The magnitude of the activities is an important and sometimes a controlling consideration (*International Shoe Co.* v. *Washington, supra*).

Service was not effected on an officer or director of the corporation but on one of the salesmen. It seems to us, however, an open question on this record whether the person served is to be treated as a "managing" agent within the scope of subdivision 3 of section 229 of the Civil Practice Act.

The uncontradicted proof by affidavit before the Special Term is that the agent who was served with process "represented himself to be the district manager for the Acme Chemical Company" and there is in evidence a letter signed by him as "district manager". The agent swears he had no authority to make any such representation but the corporation could be found to

have had constructive knowledge of such representation even though actual knowledge is strongly disavowed.

Although an agent is not permitted to establish his own authority adverse to his principal and estoppel is not usually operative against a purported principal, still the proof here is sufficient to be regarded as establishing that the agent had a sufficient scope of authority to be treated as a " managing " agent. One consideration leading in this direction is the lapse of time between October, 1950, when the letter was signed as " district manager " and the service of process in September, 1953, a time interval which would tend to cast light on the question of the actualities of the intramural authority within the corporation.

The strongly expressed proof of the corporation that the agent had no corporate authority merely raises a question of fact to be resolved in Special Term. The agent himself in an affidavit disavows any administrative function or authority to act for the corporation, but admits he made the representation he was district manager and some knowledge of the actualities of the way business was conducted for it in New York could reasonably be attributed to the corporate officers on this record.

We reach, then, the third point raised by appellant that plaintiff does not show a diligent effort to effect service within New York on a corporate officer or on a corporate designee in New York in order to justify service on a managing agent under subdivision 3 of section 229 of the Civil Practice Act. This subdivision allows such service if " with due diligence " service cannot be effected as otherwise provided in the section and it has been held that the party effecting such service must show the exercise of due diligence.

Nothing is shown in plaintiff's papers here except that service of process was made on the " managing agent "; and no facts as to previous efforts to make service are established. When the whole record, including the affidavits of the appellant, is examined two things emerge clearly: that no amount of diligent searching would have located in New York an officer of the appellant corporation and no designation of a person to be served for the corporation was on .file in the office of the Secretary of State.

Thus, the interesting question arises whether the party effecting service must show a diligent searching around for an officer within the State where on the record upon which the validity of the service is attacked, it is undisputed that a diligent search would have been futile. We think the rule does not require

such empty procedural ceremony; and the rationale of the leading cases on the subject seems to point the direction.

In *Gursky* v. *Blair* (218 N. Y. 41) the court held the service was not good; but it was noted (p. 46) that " For all that appears " from that record personal service could have been made in the State. In *Swift* v. *Matthews Eng. Co.* (178 App. Div. 201) the statement was made (p. 204) that service on the managing agent might be made only " after diligent efforts to obtain personal service upon one of such officers therein has been made and failed ". But even in that case the court noted, in the language of the *Gursky* opinion, that as far as the record showed service could have been made on an officer in New York.

The converse of that situation arises on the record before us. It affirmatively appears that no officer of the appellant could have been served in New York and " due diligence " means a search for the possible.

The order should be affirmed, with $10 costs.

COON, HALPERN, IMRIE and ZELLER, JJ., concur.

Order affirmed, with $10 costs.