Samuel D. Johnson, J.
In this proceeding, the defendant-third-party plaintiff, served process upon the third-party defendant J. P. Ward Foundries, Inc., a Pennsylvania corporation, which hereinafter will be referred to as Ward. Ward filed a special notice of appearance and contested the validity of the service of process upon it.
*945 Ward resists such service upon the ground, (1) that it is not doing business in this State within the meaning of the provisions of the Corporation Law; (2) and upon the further ground that service of process upon one Scharff its representative in New York was a nullity in that Scharff was not a managing agent within the purview of subdivisions 1, 2 and 3 of section 229 of the Civil Practice Act.
The evidence establishes that Scharff was Ward’s sole representative in this State; that Ward as a result of Scharff’s activities in its behalf did about $100,000 business a year in this State; that Ward’s letterheads contained thereon the legend: “offices: New York”; that for many years Scharff had represented Ward during which time officers of Ward had visited Scharff here at 154 Nassau St., New York City. Ward’s name as well as Scharff’s was listed on the door and on the directory board of said premises and that Ward’s name had also been listed in the New York City telephone directory for many years.
From the many cases I have read, I have observed a trend, clearly discernible towards expanding the permissible scope of State jurisdiction over foreign corporations and other nonresidents. As was stated in the latest pronouncement in this regard by the United States Supreme Court (McGee v. International Life Ins. Co., 355 U. S. 220, 222-223): “ In part [such trend] is attributable to the fundamental transformation of our national economy over the years. Today many commercial transactions touch two or more States and may involve parties separated by the full continent. With this increasing nationalization of commerce has come a great increase in the amount of business conducted by mail across state lines. At the same time modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity.”
Continuing the court said further at pages 223-224: “It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State. * * * Of course there may be inconvenience to the insurer [the foreign corporation] if it is held amenable to suit in California where it had this contract but certainly nothing which amounts to a denial of due process.”
Even before the decision in the McGee case, our courts have consistently held that all that need be established is that enough be done in this State so that the New York court will be able to say that defendant “ is here.” (Tauza v. Susquehanna Coal *946 Co., 220 N. Y. 259, 268; Berner v. United Airlines, 3 A D 2d 9, 13. Cf. Sterling Novelty Corp. v. Frank & Hirsch Distr. Co., 299 N. Y. 208, 211.)
In Berner v. United Airlines (supra), cited by Ward in its brief, the court (p. 13), citing Holzer v. Dodge Bros. (233 N. Y. 216), recognizes the concept of 11 doing business” even that resting on mere solicitation by a salesman, has been broadened by International Shoe Co. v. Washington (326 U. S. 310, decided before the McGee case). (Cf. Benware v. Acme Chem. Co., 284 App. Div. 760.)
In International Shoe Co. v. Washington (supra) service óf process was made upon a sales solicitor of a Delaware corporation (appellant in the case) which moved to set aside the service upon the ground that appellant’s salesman was not a proper person upon whom service could be made on behalf of appellant; that said foreign corporation was not doing business within the State of Washington; that it had no agent Within the State upon whom service could be made; and that appellant was not an employer of said salesman within the meaning of the statute. Appellant was engaged in the manufacture and sale of shoes and other footwear and had no offices in Washington, and makes no contracts either for the sale or purchase of merchandise there; it maintains no stock of merchandise in that State and makes there no deliveries of goods in interstate commerce. The salesman merely transmitted orders to the office of the foreign corporation for acceptance or rejection and when accepted the merchandise was shipped f.o.b. from points outside of Washington. The court said at page 317: “ ‘ Presence ’ in the state in this sense has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also give rise to the liabilities sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given [cases cited] ”.
Continuing, the court said (p. 320): “ The activities carried on in behalf of appellant in the State of Washington were neither irregular or casual. They Were systematic and continuous throughout the years in question. They resulted in a large volume of interstate business, in the course of which appellant received the benefits and protection of the laws of the state, including the right to resort to the courts for the enforcement of its rights. The obligation which is here sued upon arose out of those very actualities. It is evident that these operations establish sufficient contacts or ties with the *947 state of the forum to make it reasonable and just, according to our traditional conception of fair play and substantial justice, to permit the state to enforce the obligations which appellant has incurred here.”
In the instant case Ward, doing business of about $100,000 annually in this State over the many years, through the activities of Scharif, representing itself as having an office in New York, permitting its name to be listed on the door and on the directory of the building in which Scharif also maintained an office, permitting itself to be listed in the telephone directory, cannot now be heard to say that it is not conducting business within the State. It has received the benefit of Scharif’s services in obtaining this great amount of business in the State, and it should not be permitted to assert that this court did not acquire jurisdiction and that service had not been made upon it in accordance with section 229 of the Civil Practice Act. I am satisfied from the evidence that Ward was not involved in an isolated transaction, but on the contrary was the beneficiary of a substantial gross income from a continuous business in this State, representing or permitting the representation to the citizens in this State that it was conducting business therein. I find service to be properly made and that this court acquired jurisdiction by the service of process upon Scharif, its managing agent, within the purview of the statute and the provisions thereof.
The motion to set aside the service is denied and said third-party defendant Ward may have 10 days to answer herein, if it be so advised.