INTERNATIONAL BUSINESS MACHINES CORPORATION, Respondent, *v.* BARRETT DIVISION ALLIED CHEMICAL & DYE CORP. et al., Defendants, and GIFFELS & VALLET, INC., Appellant.

Third Department, June 21, 1962.

488

*Ewig & Beck* (*Arthur B. Ewig* and *George A. Beck* of counsel), for appellant appearing specially.

*N. Le Van Haver* (*Richard B. Overbagh* of counsel), for respondent.

GIBSON, J. Appeal is taken by defendant-appellant, appearing specially, from an order of the Supreme Court at Special Term which denied its motion to vacate the purported service of the summons; appellant, a Michigan corporation, contending (1) that it was not engaged in business here, within the purview of the applicable decisions (see, e.g., *International Shoe Co.* v. *Washington,* 326 U. S. 310) and (2) that the person to whom the process was delivered was not its managing agent within the meaning of the statute (Civ. Prac. Act, § 229, subd. 3).

According to the undisputed proof, appellant renders architectural and engineering services and supervision in many parts of the United States; and in New York employed one Pike, the person to whom process was delivered, as a solicitor and an engineering consultant, paying him for his part-time services a

fixed weekly salary without reimbursement for office rental or secretarial or utility expense; but appellant's name, as well as that of Dr. Pike, appeared upon the door of the office occupied by Dr. Pike in New York City and, also, upon the directory of tenants in the lobby of the office building and in the Manhattan telephone directory as well, and, in addition, upon a business card used by Dr. Pike, which referred to him as manager of appellant's New York office. For a period of some six and one-half years, ending prior to the date of the purported service, appellant had earnings from its work in New York of $2,750,000, representing 4.1% of its total income; this amount including $974,000 paid to it by plaintiff in connection with the factory construction out of which this litigation arises, under a contract whereby appellant undertook to "supervise the work of the contractors and direct the construction operations" and in pursuance of which a number of appellant's employees were upon the job. This interval was partly overlapped by a portion of a one-year period, embracing the date of service, during which appellant's work in New York included supervision of construction of a plant costing $7,000,000.

Appellant's activities were clearly sufficient to satisfy the demands of due process, which, under the more recent and more liberal rule, are "met by such contacts of the corporation with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there." (*International Shoe Co.* v. *Washington,* 326 U. S. 310, 317, *supra; Matter of La Belle Creole Int., S. A.* v. *Attorney-General of State of N. Y.,* 10 N Y 2d 192, 197; *Elish* v. *St. Louis Southwestern Ry. Co.,* 305 N. Y. 267, 269; *Rochester Happy House* v. *Happy House Shops,* 14 A D 2d 491.) Here, within the principle of the *International Shoe* case, there were "some additional activities", and, indeed, substantial ones, beyond those of solicitation (p. 314), which were not only "continuous and systematic, but also [gave] rise to the liabilities sued on" (p. 317). It has been said that, "It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with [the] State [concerned]." (*McGee* v. *International Life Ins. Co.,* 355 U. S. 220, 223.)

The uncontradicted proof which has been discussed, so far as pertinent to the question of Dr. Pike's status, amply warranted the finding that he was appellant's managing agent. "The test is whether the relationship is such as to justify the inference that notice given to the agent will be transmitted to the principal." (*Mastan* v. *Desormeau Dairy-Vend Serv.,* 11

A D 2d 860 and cases there cited.) Indeed, in dealing with the other branch of the case, appellant stresses Dr. Pike's duty to report to its home office all business matters coming to his attention.

In view of the positive averments of the answering affidavits that appellant had no representative in New York, plaintiff was not required to make proof of the " empty procedural ceremony " of a search for representatives of the nature described in subdivisions 1 and 2 of section 229. (*Benware* v. *Acme Chem. Co.*, 284 App. Div. 760, 762–763.)

The order should be affirmed, with $10 costs.

BERGAN, P. J., COON, HERLIHY and TAYLOR, JJ., concur.

Order affirmed, with $10 costs.