Nicholas M. Pette, J.
Defendant, appearing specially in this action, moves for an order setting aside the service of the summons and complaint herein upon the ground that the same were personally served upon its president in the State of New York, and since it is a foreign corporation not doing business in this State, such service is defective.
This action has been brought to recover damages for the breach of a contract of employment entered into between the plaintiff and the defendant.
It appears that on September 25, 1962, while the president of this foreign corporation was in the City of New York attending the National Hardware Show at the New York Coliseum, he was personally served with a copy of the summons and complaint in this action.
The supporting affidavit by the president of defendant submitted on this motion, so far as pertinent, in substance, alleges that defendant is a New Jersey corporation, not qualified to do business in the .State of New York; that it manufactures hun *361 dreds of items at the corporation’s place of business and its factory located in Jersey City, New Jersey, employing about 50 people; that it does not manufacture a single item in the State of New York; that its products are sold in approximately 45 States in the United States and some of its products are sold and delivered to purchasers in New York, but such transactions are in interstate commerce only.
It is further alleged in said affidavit that about five months ago, the company, at the instance and request of plaintiff who was then its sales manager, rented an office showroom at 1140 Broadway, New York City, to facilitate the showing of the various items manufactured by defendant to the buyers in the New York area; that said office showroom contains a complete display of the items manufactured and sold by defendant; that the sales manager uses said showroom as his office headquarters, and the only other employee at that office is a girl who is there principally to keep the office going as a showroom on the numerous occasions when the sales manager is out of the office attending to his various duties; that the salaries of these two employees are paid from New Jersey; that all orders taken at this office are subject to credit approval by defendant in Jersey City, New Jersey; that all shipping and billing of merchandise is done in Jersey City, New Jersey.
It appears from plaintiff’s opposing affidavit that, in addition to renting an office in New York for the transaction of business in New York, defendant has a listed telephone number for that office and that the office requires the services of two full-time employees who are paid by the defendant; that plaintiff was acting on a full-time and exclusive basis for and on behalf of the defendant, pursuant to the agreement of employment; that defendant maintains a bank account at a branch of the Bankers Trust Company located in the City of New York; and, also, in the very important area of commercial credit and financing, defendant maintains an account with Inland Credit Corp., a New York factoring concern, and that it is largely through this account that defendant obtains the moneys to finance the day-to-day operations of its business; that by reason of the totality of all of the business contacts defendant has within this State, defendant is doing business in this State so as to subject it to the service of process here.
The amount and nature of the business which must be conducted in this State in order to subject a foreign corporation to the service of process within the State has been passed upon by our courts on many occasions. A general rule has been enunciated that the activity here must be systematic and regu *362 lar, not casual and occasional, and must exhibit a fair degree of permanence and continuity. (Tauza v. Susquehanna Coal Co., 220 N. Y. 259.) If the corporations are here, not occasionally or casually but with a fair measure of permanence and continuity, they are subject to our jurisdiction (id.).
The mere solicitation of business for such out-of-State corporations is in and of itself not enough to constitute doing business in the State. (Holzer v. Dodge Bros., 233 N. Y. 216; Miller v. Surf Prop., 4 N Y 2d 475.)
Where the foreign corporation created and maintained a permanent sales organization operating persistently and on a full-time basis and under the supervision of the corporation, it was held that the corporation was amenable to our process. (Benware v. Acme Chem. Co., 284 App. Div. 760.) Furthermore, the court reached the same result where a substantial part of ■the corporation’s business was conducted through an exclusive sales agent. (Ameritex Development Corp. v. Brown & Sites Co., 135 N. Y. S. 2d 478; see, also, Sterling Novelty Corp. v. Frank & Hirsch Distr. Co., 299 N. Y. 208.)
Systematic buying or selling within this State was found to constitute doing business in Fleischmann Constr. Co. v. Blauner (190 App. Div. 95), while a corporation which did a substantial and continuous business here through the efforts of its sole representative here and which maintained building directory and telephone listings here, was likewise found to be doing business in New York in the ease of Murray v. Ward Co. (15 Misc 2d 944).
Where, in addition to the solicitation of orders, the defendant’s continuous course of business within this jurisdiction also consisted of the planning and servicing of said orders, it was held to be doing business in this State. (Artcraft Sample Card Co. v. Stein, 3 Misc 2d 562.)
In this court’s opinion all of the factors which compelled the holdings in the cases above mentioned are present in the case at bar. Defendant established an office and showroom in New York for the display and sale of its products; plaintiff, acting as the defendant’s exclusive sales agent here, regularly solicited orders here, which orders constituted a substantial amount of defendant’s business. Furthermore the defendant obtained money for the operation of its business through a regularly maintained account with a New York commercial factor and also maintained a bank account in New York City.
It is significant that the contract of employment herein provided for the payment of a salary of $18,000 annually to the plaintiff in equal weekly installments, and that for ‘1 the next *363 $200,000 of net sales ” he was to receive 1% of the net sales and for all sales over and above $2,000,000 he was to receive 1%% of the net sales. This surely indicates that the business to be done by plaintiff as exclusive sales agent in New York '.City was quite substantial and shows that there was far more than the mere solicitation of business when the New York office was set up by defendant. That a regular, systematic business activity in New York was the true objective of the company cannot be gainsaid.
The motion is denied. Defendant may serve a copy of its answer within 20 days from the date of the service upon its attorney of a copy of the order to be entered hereon, with notice of entry thereof.