Charles J. Beckinella, J.
Motion to vacate warrants of attachment. Cross motion by plaintiff to punish United Kingdom Machine Co., Inc., for contempt for failure to obey an order of this court dated April 30,1957 requiring the said corporation to appear for examination.
This is an action by a Swiss corporation to recover the price of a number of sewing machines allegedly sold to the defendant United Kingdom Machinery Corp., and delivered to its con *327 signee. At the commencement of this suit a warrant of attachment was issued on the grounds that the defendant United Kingdom Machinery Corp. is a foreign corporation existing under the laws of the Dominion of Canada, or one of its provinces, and transacting business at 112 Myrtle Avenue, in the county of Kings, State of New York. Service of the summons upon the above-named defendant was effectuated by publication. Service of the summons and complaint and warrant were also made upon one George De Grasse, who is president and principal stockholder of a domestic corporation known as United Kingdom Machine Co., Inc., which has a place of business at 112 Myrtle Avenue, Kings County, New York.
It appears that thereafter the United Kingdom Machine Co., Inc., claiming that it was improperly and erroneously named United Kingdom Machine Corp., moved to dismiss the complaint pursuant to rule 107 of the Rules of Civil Practice on the ground that the court had no jurisdiction of the subject matter of the action for the reason that the named defendant was nonexistent and that the true defendant (United Kingdom Machine Co., Inc.) was being effectively deprived by the plaintiff of the right to interpose an answer and counterclaim in the action. That motion was denied. (See order of this court dated April 29,1957.)
Now the domestic corporation moves to vacate the warrants of attachment (as assertedly suggested by the Justice presiding in Special Term upon the aforesaid motion) on the ground that the defendant named in this action (United Kingdom Machine Corp.) is not a foreign corporation.
On behalf of the movant, United Kingdom Machine Co., Inc., its president George De Grasse specifically denies the existence of the corporate entity named as defendant in this action, to wit, United Kingdom Machine Corp. It is explained by said De Grasse that at one time he did do business at 204 Notre Dame Street West, Montreal, Canada, under the trade name “ U. K. Machinery Reg’d ”, and in support thereof attaches a photostatic copy of the certificate of registration filed in the Superior Court of Montreal. It is further asserted by Mr. De Grasse that plaintiff, knowingly has conducted business with the domestic corporation of which he is president but that plaintiff persists in continuing this litigation against a nonexistent foreign corporation for the purpose of obtaining the warrants of attachment issued herein. He also states that the dealings referred^ to in the complaint were had with the domestic corporation which is prepared to defend any action on the merits.
Although it maybe assumed that upon the original application for a warrant of attachment plaintiff made a sufficient prima *328 facie showing entitling it to the issuance thereof, yet in the light of the present specific denial of the existence of such a foreign entity, plaintiff, upon this motion, is required to meet that challenge.
By reason of the severity of the statutory remedy of attachment and of the fact that it is in derogation of the common law, the relevant statutes (Civ. Prac. Act, § 902 et seq.) must he construed “ strictly in favor of those against whom it may be employed”. (Penoyar v. Kelsey, 150 N. Y. 77, 80; Nomikos [London] Ltd. v. Petroutsis, 186 Misc. 710.) The burden of proving the existence of the alleged foreign corporation as a ground for the attachment rests with the plaintiff (Irwin v. Raymond, 58 Misc. 319; O’Hora v. Tarby, 141 Misc. 402). Plaintiff here has failed to sustain this burden. It has not added any facts on this application to explain the allegation in its complaint, which was made upon information and belief, that the named defendant United Kingdom Machinery Corp. is a foreign corporation or that there is any such entity in existence.
The other arguments presented by plaintiff in opposition to this motion have been considered but found ineffective to sustain the warrants. The movant’s present application to vacate the warrants of attachment is not violative of section 118 of the Civil Practice Act. It is not a renewal of a previously decided motion without authority of the Justice signing the previous order. The first motion was made to dismiss the complaint under rule 107 of the Buies of Civil Practice and the basis for granting said prior motion as indicated on the oral argument thereof (as appears from the undenied assertion of the movant herein) was that the United Kingdom Machine Co., Inc. was not a defendant in the action and had no standing in this court to challenge the sufficiency of the complaint. In fact, permission to bring on the instant motion is to be inferred from the court’s suggestion to proceed by way of motion to vacate the warrants.
The principle of estoppel may not be invoked in the instant matter to supply a jurisdictional defect. As stated above, for the purposes of the extraordinary remedy of attachment, the burden of showing compliance with the statutory provisions rests upon the plaintiff and it has failed to meet that burden. Nor may the failure to appeal from the order on the prior motion to dismiss the complaint establish the law of the case. The only issue determined by the said prior order was that the movant therein (United Kingdom Machine Co., Inc.) had no standing in court to challenge the sufficiency of the complaint because it was not a party- to the action..
Accordingly the motion to vacate the attachment is granted,
*329 In the light of all of the foregoing, plaintiff’s cross motion to punish and fine United Kingdom Machine Co., Inc. is denied, and the order of this court dated April 30, 1957 is vacated. Settle orders on notice.