■ DONALD J. GRUNDER, Appellant, v. PREMIER INDUSTRIAL CORPORATION, Respondent.— Order unanimously reversed, without costs of this appeal to either party, motion denied, without costs, and in the exercise of discretion defendant permitted to allege in its answer that it is not a person subject to the jurisdiction of the court within the meaning of section 237-a of the Civil Practice Act. Memorandum: This appeal presents the issue of validity of service of process on a foreign corporation. It is alleged that the corporation is doing business in the State. The record does not show that there is any office, bank account or telephone listing in the corporate name within the State. However, it does appear that the corporation has divided the State into districts and has engaged a number of sales agents to solicit orders therein for acceptance at the home office in Cleveland. The sales agent upon whom process was served also held the title of territory supervisor. About one quarter of his time was occupied in the training of other sales agents and his call upon the other agents was preceded by the mailing of a company form which described the call as a "manager visit". Regular maintenance of a sales force, if of sufficient magnitude and organized, may constitute the "doing of business" in the State. (*Benware* v. *Acme Chem. Co.,* 284 App. Div. 760.) The affidavits presented on the motion failed to sustain respondent's claim that it was not doing business in the State but raised a question of fact which may be determined on the trial or separately under subdivision 3 of section 443 of the Civil Practice Act. (Appeal from order of Steuben Special Term granting motion by defendant to set aside service of the summons in the action.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ In the Matter of JOHN DESIMONE, Respondent, v. NEW YORK STATE LIQUOR AUTORITY, Appellant.— Order unanimously reversed, without costs of this appeal to either party, and proceeding remitted to Special Term for further proceedings in accordance with the memorandum. Memorandum: After this proceeding had been transferred to this court, Special Term had no jurisdiction to "decertify" the proceeding or to take any other action (in relation to the matter certified) without permission of this court. We agree with Special Term that the present answer is insufficient (Civ. Prac. Act, § 1291). The proceeding must be remitted to Special Term, with permission to the State Liquor Authority to move, within 15 days from the date of the order of this court, to amend the answer. If no such motion is made, Special Term shall so notify this court. If made, Special Term shall examine the proposed answer and if it is deemed sufficient to raise issues for determination by this court under section 1297 of the Civil Practice Act the answer shall be transmitted to this court to become a part of the record on appeal under Justice FISHER's order of transfer. If Special Term should find such proposed answer insufficient or inadequate, then it shall remit the matter to the State Liquor Authority for appropriate proceedings. (Appeal from order of Erie Special Term decertifying to Special Term a proceeding which had been certified to the Appellate Division for determination, striking out the answer and return and annulling the determination of the Liquor Authority which revoked petitioner's license.) Present—Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.