Samuel J. Silverman, J.
Defendants seek reargument of their motion for partial summary judgment dismissing the complaint and vacating the attachment by which jurisdiction was originally obtained and/or renewal of the motion to vacate the attachment on the grounds that it was obtained unconstitutionally. The motions are granted to the extent only of granting reargument and on reargument my original decision of December 4, 1974 denying summary judgment and vacatur of the attachment is adhered to.
The motion for reargument is made on the assumption that *1033 differences between the facts alleged in the complaint and those in plaintiff’s opposing affidavits are so great as to require dismissal of the complaint regardless of whether the facts stated in plaintiff’s opposing affidavits set forth a possible claim. Taking defendants’ interpretation at its best, it appears to me that notwithstanding the possible difference in technical legal theory between the complaint and the plaintiff’s opposing affidavits, it is clear that both complaint and opposing affidavits intend to refer to the same transaction, an indebtedness from defendants to plaintiff of $10,009.38 arising from plaintiff’s allowance of a credit to a buyer of defendants’ furs, an allowance based upon a claim of breach of warranty.
If, as I am afraid I originally thought the motion papers said, plaintiff had paid the Canadian buyer and now sought reimbursement, then presumably this could be considered either as an independent transaction, or as a balance due on the running account of a loan from plaintiff to defendants. However, in this day of liberal pleading, I think that distinction is not sufficiently substantial to warrant requiring that plaintiff start all over again; nor would the interests of justice be served thereby.
However, closer examination of the papers on the original motion seem to indicate that the facts as alleged in plaintiff’s affidavits fit fairly well into the framework of a complaint in an action for a balance of a loan. Plaintiff acting as auctioneer or selling agent engaged in the practice of selling defendants’ furs. Before the furs were actually sold, plaintiff would advance to defendants a sum of money with the expectation that plaintiff would be paid out of the net proceeds of the sale. Apparently plaintiff kept its books with respect to this loan on an accrual basis, crediting against the loan accounts receivable accrued when a buyer contracted to buy the goods. This was done with respect to a particular Canadian buyer, and the balance, after treating this accrued — but as yet uncollected— account receivable as a credit, was paid by defendants. However, the Canadian buyer apparently was dissatisfied with the quality of the goods and refused to pay the account receivable. Plaintiff brought suit against the Canadian buyer and ultimately granted a credit to that buyer against the account receivable. Apparently, the amount of that credit was $10,009.38 which plaintiff thereupon charged back to defendants. If this is what happened, then indeed, it appears to be a case in which plaintiff was not repaid the full amount of the *1034 loan and $10,009.38 would appear to be the balance due on the loan, quite in accordance with the complaint.
I have not considered possible defenses of account stated or estoppel as they have not been fully explored by the parties nor is this proper subject matter for reargument.
As to defendants’ claim that the attachment should be vacated on the grounds that the New York statute is unconstitutional under Sugar v Curtis Pub. Co. (383 F Supp 643 [SD NY, 1974]), it is perhaps sufficient to say that the Sugar case clearly indicated its inapplicability to a situation where attachment was obtained against a nonresident for purposes of jurisdiction.
Indeed, as Sugar (supra, p 646, n 5) recognized, there is a line of Supreme Court cases upholding the constitutionality of attachment without prior notice and hearing where some valid governmental interest is at stake that justifies postponing the hearing until after the event, and including as one such case an attachment necessary to acquire jurisdiction over the defendant. (See Fuentes v Shevin, 407 US 67, 82, 90-91, n 23; Sniadach v Family Finance Corp., 375 US 337, 339; Owenby v Morgan, 256 US 94, 108-109; see, also, Mitchell v W. T. Grant Co., 416 US 600, 611-614; cf. Blye v Globe-Wernicke Realty Co., 33 NY2d 15, 21.)
In any event, the three-Judge court which decided Sugar has itself stayed the effect of its judgment pending disposition of an appeal to the Supreme Court and a number of State court decisions since Sugar have refused to follow it (See Boston Old Colony Ins. Co. v Bianchi, NYLJ, Feb. 26, 1975, p 16, col 1; PPX Enterprises v Scepter Records, NYLJ, Dec. 6, 1974, p 14, col 3) or to extend its holding to the case of an attachment for jurisdictional purposes. (See Boyden Assoc. v Mundet & CIA, NYLJ, Jan. 27, 1975, p 13, col 5; Marshall v Knight, NYLJ, Dec. 20, 1974, p 2 col 3.)
Furthermore, the Sugar case seems to have proceeded on the assumption that an attachment may only be vacated in New York on a showing that it is not necessary for security purposes, and not because the plaintiff is unable to prove the grounds on which the attachment was issued, as the Mitchell case seems to require. In this respect, I think the court in the Sugar case misinterpreted the laws of the State of New York. It is an established practice in this State to vacate attachments not only where the attachment is unnecessary for security purposes, but also where it appears either that the *1035 plaintiff does not have a meritorious case or that the defendant is not a nonresident or foreign corporation. (Cf. Stuart [Fabrics] v Moskowitz & Co., 44 AD2d 798; Macmillan, Inc. v Hafner, 42 AD2d 533; Stines v Hertz Corp., 22 AD2d 823, affd 16 NY2d 605.)
The court in the Sugar case relied upon the following sentence in CPLR 6223: "If, after the defendant has appeared in the action, the court determines that the attachment is unnecessary to the security of the plaintiff, it shall vacate the order of attachment.” Apparently, the court in the Sugar case thought that was the only ground for vacating an attachment. But, the legislative history makes clear that this is merely an additional ground added to the existing ground for vacating an attachment in situations where an attachment initially used to obtain jurisdiction is no longer necessary for that purpose. (See Third Preliminary Report, NY Legis Doc, 1959, No. 17, p 358; cf. Supplementary Practice Commentary [1964], McKinney’s Cons. Laws of N.Y., Book 7B, CPLR 6223, 1974-1975 Pocket Part, p 47; Data Realty v Sciacca, NYLJ, May 18, 1970, p 22, col 5.) It is the first sentence of CPLR 6223, which is the successor to sections 948 and 949 of the Civil Practice Act (Sixth Report on the Revision of the Civil Practice Act, NY Legis Doc, 1962, No. 8, p 591), and like . those sections, seems to provide the defendant with a right to move to vacate the attachment on the ground that it is not authorized by the statute, including because the plaintiff is unable to prove that the defendant is a nonresident or foreign corporation. (See Mindlin v Gehrelein’s Marina, 58 Misc 2d 153; cf. Quality Fruit Wines Corp v Cribari, 272 App Div 1070; Bonwit Teller v Morris, 202 Misc 629; Favta S.A. v United Kingdom Mach. Corp., 10 Misc 2d 326; Irwin v Raymond, 58 Misc 319.)