■ NEW YORK AUCTION COMPANY DIVISION OF STANDARD PRUDENTIAL CORPORATION, Respondent, v HAZEL BELT et al., Appellants.—Orders, Supreme Court, New York County, entered December 5, 1974 and April 7, 1975 unanimously reversed, on the law and in the exercise of discretion, to vacate attachment and dismiss complaint, without prejudice to an application at Special Term to replead the complaint as hereinafter set forth, with $60 costs and disbursements to appellants. Attachment was procured of defendants-appellants' goods found in New York as a basis for a suit for moneys allegedly due to plaintiff-respondent but claimed by defendants to have been paid. It appears that the balance due on defendants' debt was paid, but plaintiff has endeavored to offset the final installment thereon against another claim. Plaintiff's act in accepting that final installment and releasing to defendants the goods held against the payment negates the offset claim. While it seems that the claim for which offset is sought may well be valid—a third party's assertion of breach of warranty as to other goods provided by defendants through plaintiff to the third party—it is asserted nowhere in the papers supporting the attachment. The claim that plaintiff acted as the agent of defendants in achieving a compromise with the third party, as well as notice of a complaint by a customer concerning goods supplied, were never conveyed to defendants until after commencement of this litigation. "Liberality in pleading" is stretched too far when it is deemed permissible to plead one claim and then substitute for it an entirely different one. And, as will be observed, defendants are not being hypertechnical in opposition to this endeavor. The attachment must fall, but is actually no longer necessary, for defendants accept jurisdiction here to litigate the claim upon which the attempted "offset" is based. Concur—Markewich, J. P., Lupiano, Nunez and Yesawich, JJ. [81 Misc 2d 1032.]