**MARVIN L. WALKER & ASSOCIATES, INC., a corporation, Plaintiff,**

v.

**MATEBA WEBBING OF CANADA LIMITED, a corporation, Defendant.**

No. 76 Civ. 5143.

United States District Court, S. D. New York.

Dec. 21, 1976.

Leaf, Kurzman, Deull & Drogin, New York City, for plaintiff; Robert G. Kurzman, New York City, of counsel.

Kaplan, Kilsheimer & Foley, New York City, for defendant; James B. Kilsheimer, III, New York City, of counsel.

MEMORANDUM AND ORDER

OWEN, District Judge.

Defendant moves pursuant to C.P.L.R. § 6223 for an order vacating the *ex parte* attachment I granted on November 17, 1976 pursuant to Rule 64, F.R.C.P., and C.P.L.R. § 6201(1). I granted the original order of attachment so that this Court could gain *quasi in rem* jurisdiction over defendant, a foreign corporation. Defendant has now submitted to full *in personam* jurisdiction and moves for an order vacating the attachment on the ground that the original purpose of the attachment has been achieved. Defendant argues that it would be inequitable to perpetuate the attachment on the additional ground that it is required as security for a possible money judgment against it when that was not a ground on which the attachment was originally sought

and not a ground on which an attachment could originally have been granted in the proper exercise of this Court's discretion.

█ I agree with defendant. Security for a money judgment is not an issue in this case. Indeed, Marvin L. Walker, president of plaintiff corporation, has averred in what has been styled a Supplemental Affidavit, filed with this Court on December 6, 1976 and sworn to on November 12, 1976, that:

"6. Except for the application for the order of *attachment* which *was necessary purely for jurisdictional purposes*, no other provisional remedy has been secured or sought in this action against the defendant." (Emphasis supplied.)

To put the burden on defendant under C.P. L.R. § 6223 to convince me that the attachment is not necessary for security when plaintiff was not granted the attachment on that ground would, I think, raise serious questions as the constitutionality of C.P. L.R. § 6223 as applied. *Cf. Carey v. Sugar*, 425 U.S. 73, 96 S.Ct. 1208, 47 L.Ed.2d 587 (1976) (per curiam). The point is of more than theoretical interest here since defendant appears to be a small closely-held family corporation which would allegedly be destroyed by the attachment of what it represents to be approximately six months' income from its United States customers.

█ Furthermore, contrary to what appears to be plaintiff's position, a determination by me that the attachment is not necessary for the security of a judgment is not the sole ground on which the order of attachment may be vacated. *See New York Auction Co. v. Belt*, 81 Misc.2d 1032, 368 N.Y.S.2d 98, 101 (Sup.Ct., N.Y., 1975). Finally, since plaintiff was not granted the order of attachment under C.P.L.R. § 6201(3) through (8), but only for jurisdictional purposes, which have been achieved, the order of attachment is hereby vacated.

So ordered.