Arnold L. Fein, J.
This is an application for a judgment pursuant to CPLR article 78 vacating and canceling a lien filed by respondent Department of Relocation and Management Services of the City of New York against premises owned by petitioner. Respondent cross-moves to dismiss the petition pursuant to CPLR 7804 (subd [f]).
Petitioner is the owner of premises located at 148-09 Northern Boulevard, Flushing, New York. On March 26, 1976, a fire occurred at the premises. The Fire Department responded to the call and extinguished the fire in the boiler room. It was later ascertained that the fire had actually spread through a portion of the building, resulting in extensive damage to 12 apartments. The Fire Department, after bringing the fire under control, issued a vacate order, directing that the 12 apartments be vacated, until the fire damage had been repaired. Six of the tenants were apparently provided with relocation services by respondent Department of Relocation and Management Services. The total cost of relocation services furnished to the tenants amounted to $4,687.54. Thereafter, respondent Department of Relocation filed a lien for said amount against the subject premises. Notice of lien was filed *916 on November 30, 1976 with the Office of the Clerk of Queens County, in accordance with section 1160-5.0 (subd 4, par [a]) of the Administrative Code of the City of New York.
Petitioner claims that the lien filed by respondent was improper, in that it received no notice of such filing, nor of any hearing or proceeding held prior to the filing of the lien. It is asserted that the Administrative Code provisions (§ 1160-1.0 et seq.) are unconstitutional to the extent that they authorize such procedure. Petitioner further claims that the Administrative Code does not contemplate the filing of such a lien, but rather, provides for the commencement of an action to recover relocation expenses upon a showing that relocation arose as a result of the negligent or intentional acts of the owner.
Respondent has not answered the petition. Instead, it cross-moves to dismiss the proceeding on objections in point of law, claiming that an article 78 proceeding is not the appropriate procedure to test the propriety of the lien. Respondent asserts that section 19 of the Lien Law provides the exclusive means to test the validity of a mechanics’ lien and sets forth the appropriate grounds on which such an application may be made.
Subdivision 4 of section 1160-5.0 of the Administrative Code provides that the lien created in favor of the Department of Relocation is governed by the provisions of law regulating mechanics’ liens. Section 19 of the Lien Law prescribes the appropriate procedure and grounds for discharge of a lien. Petitioner’s counsel’s post submission letter dated July 6, 1977, so concedes. However, the form of the action or proceeding is neither dispositive nor controlling. A cause will not be dismissed because the wrong procedure has been selected. If there is jurisdiction over the parties, the court will convert it into the appropriate action or proceeding and decide the matter (Matter of Kovarsky v Housing & Development Admin. of City of N. Y., 31 NY2d 184; Ammex Warehouse Co. v Procaccino, 85 Misc 2d 327, affd 55 AD2d 535; CPLR 103, subd [c]; McLaughlin, NY Trial Prac, NYLJ, Nov. 10, 1972 p 3, col 4).
The power of the Department of Relocation to act and the claim for reimbursement of relocation expenses arises by virtue of the Administrative Code of the City of New York (§ 1160-1.0 et seq.). Section 1160-5.0 of the Administrative Code provides in part as follows:
*917 "§ 1160-5.0 Expenses of relocation pursuant to vacate order. —Whenever the department has incurred expenses in providing relocation services for tenants pursuant to section 1160-1.0 subdivision l(a)(v) of this chapter, the department shall be entitled to reimbursement of such expenses from the owner of the building from which such tenants were relocated, if the conditions giving rise to the need for such relocation arose as a result of the negligent or intentional acts of such owner, or as a result of his failure to maintain such dwelling in accordance with standards prescribed by the housing or health code governing such dwelling * * *
"2. The expenses incurred for which payment to the department is due under the provisions of this section shall include but not be limited to departmental costs, bonuses, moving expenses or other reasonable allowances given to induce tenants to relocate voluntarily.
"3. The department may bring an action against the owner for the recovery of such expenses. The institution of such action shall not suspend or bar the right to pursue any other remedy provided by this section or any other law for the recovery of such expenses.
"4. To the extent that such expenses are not recovered by the department, they shall, except as herein provided, constitute a lien upon such building and the lot upon which it stands, governed by the provisions of law regulating mechanics’ liens.”
The Administrative Code provisions are crystal clear as to the appropriate procedure to be followed by the department to recover relocation expenses incurred. In accordance with subdivision 3 of section 1160-5.0 the department "may” bring an action to recover such expenses. However, that is not the sole remedy available under the circumstances. The section also authorizes the filing of a notice of lien, which "may be filed at any time within four months after such expenses have been incurred” (Administrative Code, § 1160-5.0, subd 4, par [a]). There is no merit to petitioner’s contention that the code section only authorizes filing of a lien for the amount not recovered after entry of judgment. This is clear from the prescription of the Lien Law procedures as the vehicle for discharging the lien and the four-month time limitation on filing the lien. The department is furnished with alternate remedies, which may be pursued simultaneously. "The institution of such action shall not suspend or bar the right to *918 pursue any other remedy provided by this section or any other law for the recovery of such expenses.” (Administrative Code, § 1160-5.0, subd 3.)
Equally untenable are petitioner’s contentions that the Administrative Code provisions are unconstitutional. That the Administrative Code provides for the filing of a lien without notice in advance to the owner of the property is not dispositive. Notice that such a lien has been filed should be furnished to the owner as a matter of course. Although the Code does not specifically so provide, it is admitted that petitioner was actually notified that the lien had been filed. Having received such notice, petitioner could and should have pursued the prescribed well-settled and appropriate statutory remedies to vacate or discharge the lien. The notice of lien once filed is a lien upon the property and nothing more. It does not constitute a taking of property without due process. An opportunity for an immediate hearing exists upon application either to enforce or to discharge the lien. Upon such a proceeding, the propriety of the lien and the existence of appropriate grounds therefor can be tested and a hearing directed where necessary. The procedure is strikingly similar to that involved where an order of attachment is obtained pursuant to CPLR article 62, which has been held to be constitutional (AMF, Inc. v Algo Distrs., 48 AD2d 352; Regnell v Page, 82 Misc 2d 506, revd on other grounds, 54 AD2d 540; New York Auction Co. v Belt, 81 Misc 2d 1032, revd on other grounds, 53 AD2d 540; Marshall, Bratter, Greene, Allison & Tucker v Knight, NYLJ, Dec. 20, 1974, p 2, col 3; Salerno v Salerno, NYLJ, Jan. 24, 1975, p 18, col 2; Boston Old Colony Ins. Co. v Bianchi, NYLJ, Feb. 26, 1975, p 16, col 1; also, see, McLaughlin, New York Trial Prac, NYLJ, Nov. 8, 1974, p 1, cols 1, 2).
Petitioner further claims that the procedure set forth in the Administrative Code is improper, since it is an attempt to shift the burden of proof to the owner of the property to demonstrate the invalidity of the lien. The contention lacks merit. The Code provisions are quite specific as to when and in what manner reimbursement of relocation expenses may be sought. Contrary to petitioner’s assertion, the burden of proof is neither shifted nor altered in any way. Section 1160-5.0 provides that the department may proceed to recover such expenses where "the conditions giving rise to the need for such relocation arose as a result of the negligent or intentional acts of such owner, or as a result of his failure to *919 maintain such dwelling in accordance with the standards prescribed by the housing or health code”. The burden is clearly upon the department in this regard.
Here, petitioner claims that it had no responsibility whatsoever for the fire. Respondent incorrectly asserts that the mere occurrence of the fire raises an inference or presumption of negligence on the part of the owner. Respondent is mistaken. This proceeding clearly raises factual issues concerning whether the fire at the subject premises resulted from the negligent or intentional acts of the owner, or as a result of the failure to maintain the premises in accordance with the applicable standards set forth in the housing or health code. As with any other lien under the Lien Law, respondent as the lien holder has the burden of proof on this issue, resolution of which is necessary to determine the validity and propriety of the purported lien. This issue cannot be resolved on motion to dismiss under CPLR 7804 (subd [f|).
Accordingly, respondent’s cross motion to dismiss pursuant to CPLR 7804 (subd [f]) is denied. In accordance with the letter dated July 6, 1977 from petitioner’s attorney, the proceeding is deemed an application to vacate the lien pursuant to section 19 of the Lien Law. Respondent shall serve an answer to the petition within 10 days after service of a copy of the order to be settled hereon, with notice of entry. Upon completion of all pretrial and discovery proceedings, petitioner shall serve a copy of the order with notice of entry upon the calendar clerk and upon service and filing of a note of issue and statement of readiness and the payment of proper fees, the proceeding shall be placed upon the appropriate calendar for assignment to an appropriate trial part for a trial of the issues in accordance with the foregoing.
Settle order including appropriate provision for the filing of an undertaking, pursuant to the Lien Law, in the sum of $4,678.54.