**MARKETING SHOWCASE, INC., Plaintiff,**

v.

**ALBERTO–CULVER COMPANY, Defendant.**

**No. 77 Civ. 1798 (CHT).**

United States District Court, S. D. New York.

Jan. 24, 1978.

Ploscowe, Dweck & Sladkus, New York City, for plaintiff.

Layton & Sherman, New York City, for defendant.

## MEMORANDUM

TENNEY, District Judge.

Three motions are pending before the Court in this breach-of-contract action. Plaintiff, a New York corporation, began the suit on March 21, 1977 in Supreme Court, New York County, where it thereafter obtained an ex parte order of attachment to issue against certain New York debts owed to the defendant, a Delaware corporation with its principal office in Illinois. Plaintiff assumed by this device that it had begun the process of acquiring quasi-in-rem jurisdiction over defendant. By the terms of N.Y.C.P.L.R. § 6213 (McKinney Supp. 1976–77), plaintiff was required to perfect this jurisdiction by serving defendant with-

in 60 days of the issuance of the order of attachment. Service was effected on April 28, 1977 in conformity with N.Y.C.P.L.R. §§ 311, 313, 314 (McKinney 1972 & McKinney Supp. 1976–77), which, read together, endorse the procedure which plaintiff employed, i. e., delivery of the summons and complaint by a Deputy Sheriff of Cook County, Illinois.

In the interim, however, defendant had removed the suit to this Court pursuant to 28 U.S.C. § 1441(b), and in June 1977, moved pursuant to Rules 4(c) and 12(b)(5) of the Federal Rules of Civil Procedure ("Rules") to dismiss for insufficiency of service. Defendant postulated in that motion that once the case had been removed from state to federal court plaintiff was required to employ federal and not state procedure in order to perfect quasi-in-rem jurisdiction, and that service of the summons and complaint by other than "a United States marshal . . . his deputy, or . . . some person specially appointed by the court for that purpose," Rule 4(c), was therefore a nullity. Plaintiff contested this theory and, additionally, cross-moved pursuant to Rule 37(a) for an order compelling discovery.

Legal history intervened in these proceedings with the decision of the Supreme Court in *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1976), a decision which radically altered the scope of quasi-in-rem jurisdiction. Defendant therefore seized on the *Shaffer* ruling to move for dismissal of the complaint pursuant to Rule 12(b)(2), alleging that the teachings of *Shaffer* had altogether obliterated plaintiff's jurisdictional base. Plaintiff responded by asserting that it had in personam jurisdiction over defendant both under the classical tests for "doing business" in New York and under the New York "long-arm statute," N.Y.C.P.L.R. §§ 301, 302(a)(1) (McKinney 1972). It is in this somewhat tortured procedural posture that the case now stands.

Because a decision against plaintiff based on *Shaffer* would be dispositive of all of the issues at bar, the Court will deal first with

defendant's latest motion to dismiss, that which asserts lack of jurisdiction over the person of the defendant. Although all the ramifications of *Shaffer* are yet to be settled, what is clear from that decision is that the Supreme Court has scuttled the jurisdictional base upon which this plaintiff initially began suit. The Court has announced that in "cases where the property which now serves as the basis for state-court jurisdiction is completely unrelated to the plaintiff's cause of action . . ., [without] the existence of other ties among the defendant, the State, and the litigation, the presence of the property alone would not support the State's jurisdiction." 433 U.S. at 208–09, 97 S.Ct. at 2582. There is no allegation here, nor can there be, that the property attached by plaintiff is in any way related to the dispute between the parties.

Moreover, the Supreme Court in *Shaffer* went on to hold that henceforth "all assertions of state court jurisdiction must be evaluated according to the standards set forth in *International Shoe* and its progeny." *Id.* at 212, 97 S.Ct. at 2584. The teaching of *International Shoe* is by now quite familiar: a defendant not within the territory of the forum cannot be subjected to the in personam jurisdiction of the forum unless he has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' *Milliken v. Meyer*, 311 U.S. 457, 463 [61 S.Ct. 339, 85 L.Ed. 278]." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

■ The *Shaffer* Court did not merely announce a new principle of jurisdiction, however. Despite the fact that the property attached in that case was found to be neither the subject of the litigation nor related to the underlying cause of action, the Court went on to apply the *International Shoe* standard by measuring the contacts of the defendant with the forum.[1] That

the *Shaffer* Court went on to an examination of "contacts" militates for a finding that the action at bar, although commenced quasi in rem, will survive if investigation reveals that "fair play and substantial justice" permitted suit in this forum. Putting aside all problems of service, as did the Supreme Court, and relying for the moment on defendant's actual receipt of process, this Court must now determine, in effect, whether it is proper to assert in personam jurisdiction over this defendant. To that end and because this action is brought here on grounds of diversity of citizenship, the Court must look to the law of the state in which it sits to determine whether such jurisdiction exists. *Arrowsmith v. United Press Int'l*, 320 F.2d 219 (2d Cir. 1963) (en banc).

■ Plaintiff alleged in its original complaint that defendant is subject to New York jurisdiction under N.Y.C.P.L.R. §§ 301 and 302(a)(1). The first section brings a foreign corporate defendant within the power of the court for any cause of action if the traditional test for "presence," *i. e.*, "doing business," is met. *Aquascutum of London, Inc. v. S. S. American Champion*, 426 F.2d 205 (2d Cir. 1970). The second, a subsection of New York's "long-arm" statute, grants jurisdiction based on defendant's transaction of business within the state. "Transacting" business requires far fewer contacts with New York than does "doing" business, *Potter's Photographic Applications Co. v. Ealing Corp.*, 292 F.Supp. 92 (E.D.N.Y.1968), but that liberality, sanctioned in *International Shoe*, is offset by the corresponding demand that the cause of action arise from the very transaction or transactions which are relied upon to provide the contact with the forum. *Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68, *cert. denied*, 382 U.S. 905, 86 S.Ct. 241, 15 L.Ed.2d 158 (1965).

---

1. The Court went on to engage in this analysis notwithstanding the defendant's argument that it had not received adequate notice of the action. The Court stated: "In these circumstances, we will assume that the procedures followed would be sufficient to bring appellants before the Delaware courts, if minimum contacts existed." 433 U.S. at 213 n.40, 97 S.Ct. at 2585 n.40.

Plaintiff alleges that the contract being sued on was "a contract between the parties within the State of New York," Complaint ¶ 3, and that the breach of this New York transaction falls within the ambit of section 302(a)(1). The contract covered the production and placement of advertising materials for insertion in newspapers nationwide. For purposes of this motion the Court will presume that certain creative and mechanical work was to be performed by plaintiff in New York. However, the only other New York contact with this contract was plaintiff's signature thereto in this state: plaintiff's representative went to Illinois to initiate the transaction, negotiations were conducted in Illinois or by telephone, and defendant signed the contract in Illinois. Affidavit of David E. Gordon, sworn to November 11, 1977, ¶ 6. Plainly, all of the New York activities attendant on the consummation of the obligation and perhaps on its later-aborted performance were plaintiff's. However, an exercise of jurisdiction under N.Y.C.P.L.R. § 302(a)(1) turns on an assessment of the purposeful activities of the *defendant* within New York in relation to the transaction. *Galgay v. Bulletin Co., Inc.*, 504 F.2d 1062 (2d Cir. 1974); *Longines, supra.* Plaintiff has shown no New York activity on the part of defendant vis-a-vis this contract, and consequently this jurisdictional assertion must fail.

Plaintiff next contends that defendant is "doing business" in New York so as to render it amenable to suit here on any cause of action. On the contrary, defendant maintains that its activities in the state amount to no more than the "mere solicitation" of business and New York courts have repeatedly held this, without more, insufficient to afford a jurisdictional predicate under § 301. *See, e. g., Frummer v. Hilton Hotels Int'l, Inc.*, 19 N.Y.2d 533, 281 N.Y. S.2d 41, 227 N.E.2d 851 (1967). This is true no matter how substantial the volume of sales solicited in New York. *Baird v. Day & Zimmerman, Inc.*, 390 F.Supp. 883 (S.D. N.Y.1974), *aff'd*, 510 F.2d 968 (2d Cir. 1975); *Delagi v. Volkswagenwerk AG*, 29 N.Y.2d 426, 328 N.Y.S.2d 653, 278 N.E.2d 895 (1972).

Although the plaintiff has the burden of demonstrating jurisdiction where it is challenged, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936), the Court may rely on affidavits to establish jurisdictional facts. *Ghazoul v. International Management Services, Inc.*, 398 F.Supp. 307 (S.D.N.Y.1975). Moreover, the showing need only be of " 'threshold' jurisdiction sufficient to demonstrate the fairness of allowing the suit to continue. The parties are not bound by the court's jurisdictional findings of fact when the case comes to trial on the merits." *Id.* at 309. The plaintiff has submitted nothing whatever to the Court to support its allegation that defendant is doing business here. However, from defendant the Court has learned that a sales manager of one of its divisions lives and carries on corporate activities here and that it has eleven salesmen residing and working here although there is no office maintained in New York. Gordon Affidavit ¶¶ 5(B)–(D). There is authority in New York holding that the regular maintenance of a sales organization of six representatives within the state is sufficient to comport with "fair play and substantial justice" and to determine at the outset that the court has in personam jurisdiction. In *Benware v. Acme Chemical Co.*, 284 App. Div. 760, 761, 135 N.Y.S.2d 207, 208–9 (3d Dep't 1954), the court stated:

> The setting up and maintenance of a permanent sales organization working in New York with its component members in full-time employment by the corporation would surely be regarded in any enlightened view as bringing the corporate entity into New York. Since sales are a main part of its corporate function, such extensive and persistent corporate activity ought to be treated as carrying out in New York a corporate function on a scale sufficient to be seen, felt, palpitated and made subject to process. This organized activity is something more in degree than "mere" solicitation.

*Accord, Grunder v. Premier Industrial Corp.*, 12 A.D.2d 998, 211 N.Y.S.2d 421 (4th Dep't 1961).

■■■ Defendant has a permanent sales force within the state twice the size of that in *Benware*. Construing the pleadings and affidavits in this case most favorably to the party opposing the motion to dismiss, *Ghazoul, supra; Oxford First Corp. v. PNC Liquidating Corp.*, 372 F.Supp. 191, 192–93 & n.2 (E.D.Pa.1974); *Stanat Mfg. Co. v. Imperial Metal Finishing Co.*, 325 F.Supp. 794 (E.D.N.Y.1971), the Court finds that a prima facie case has been stated for taking jurisdiction under N.Y.C.P.L.R. § 301. *See United States v. Montreal Trust Co.*, 358 F.2d 239, 242 (2d Cir. 1966). Therefore, defendant's motion to dismiss for failure to achieve in personam jurisdiction is denied. The burden remains on the plaintiff, however, to prove the jurisdictional facts at trial by a preponderance of the evidence. *Id.* n.4.

■■■ Having determined that there are sufficient contacts to support personal jurisdiction, the Court must address the problem of service which was the subject of defendant's original Rule 12(b) motion. In the quasi-in-rem jurisdictional posture of the action as it was originally removed to this court, there was no merit to the defendant's contention that to perfect the attachment after removal plaintiff was required to serve the summons and complaint in accordance with Rule 4(c) and not in the manner sanctioned by the state procedure. If it is the nonresident defendant's privilege to remove if he can meet the mandates of section 1441, the purpose of that removal is to secure a presumably unprejudiced forum for one who has been brought unwillingly to the state court. *Browne v. Hartford Fire Ins. Co.*, 168 F.Supp. 796 (N.D.Ill.1959). It is not the purpose of removal to delay or to defeat the trial of an action. *Clark v. Wells*, 203 U.S. 164, 27 S.Ct. 43, 51 L.Ed. 138 (1906). In *Clark*, as here, the defendant's property had been attached; he removed and attempted the same gambit as did this defendant. No personal service whatever was made, but even in those circumstances the Supreme Court pointed out that "the defendant had notice, as appears by his petition for removal." *Id.* at 172, 27 S.Ct. at 45; *see* 7 *Moore's Federal Practice* ¶ 64.-09[3] n.6 (questioning whether any formal notice is necessary in a quasi-in-rem action once the defendant has removed the proceedings to federal court). Indeed, this Court might have found *Clark* dispositive of the defendant's Rule 12(b) motion as originally conceived.

■■■ However, in the wake of *Shaffer*, that motion is moot and is hereby dismissed as such. It is absurd to consider whether plaintiff perfected the notice required to obtain quasi-in-rem jurisdiction when the entire branch of that jurisdiction relied on here has been held violative of due process. What does present itself for inquiry is this: are the concerns raised by the defendant in its original motion to quash service for failure to perfect in the mode prescribed by Rule 4(c) persuasive on the subject of whether defendant received notice adequate to support the continuance of this action in personam? The Court concludes that they are not.

Defendant originally relied on a blend of 28 U.S.C. § 1448 and Rules 4(c) and (e) to support its position that quasi-in-rem jurisdiction had not been perfected. Rule 4(c) states that "[s]ervice of all process shall be made by a United States marshal, by his deputy, or by some person specially appointed by the court for that purpose." Section 1448 states:

In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal . . . such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

One of the ways service can be completed "in the same manner as in cases originally filed in such district court" is set forth in Rule 4(e), which provides in part:

Whenever a statute or rule of court of the state in which the district court is held provides . . . for service upon or notice to [the defendant] to appear and

respond or defend in an action by reason of attachment or garnishment or similar seizure of his property located within the state, service may in either case be made under the circumstances and in the manner prescribed in the statute or rule. It has been suggested that Rule 4(e) mandates that where the "state statute or rule calls for personal delivery of original process . . . Rule 4(c) would apply and service of original process should be by a person specified in Rule 4(c)." 2 *Moore's Federal Practice* ¶ 4.08, at 1011. Professor Moore extends this suggestion to cases where *original* quasi-in-rem jurisdiction is obtained in federal court but that position is cast into doubt by the language of the Advisory Committee Notes which state that the Rule 4(e) provision was intended to "permit the institution of original Federal actions against nonresidents through the use of familiar State procedures by which property of these defendants is brought within the custody of the court *and some appropriate service is made* upon them." Notes of Advisory Committee on Rules, Rule 4(e), 28 U.S.C.A. 98 (Supp.1977) (emphasis added). Even more dubious is the extension of this principle to quasi-in-rem actions begun in state courts. Any such theory would transform removal from a prophylactic to a dilatory measure and this Court cannot accept such a proposition.

Nor does the Court credit the one case defendant has cited in support of its interpretation of service requirements in removed quasi-in-rem actions. *Beecher v. Wallace*, 381 F.2d 372 (9th Cir. 1967), does seem to hold that once a case has been removed from state to federal court process must be served according to Rule 4(c). However, that case did not involve an attachment. Furthermore, the sole question there determined by the Ninth Circuit was "whether a summons issued in a state court at . . . the commencement of the action has any legal effect when served on one of several defendants *after a codefendant has removed* the action to the federal courts." *Id.* at 373 (emphasis added). Obviously the court was speaking not to the status of the very defendant who had re-

moved, but to a co-defendant who had not yet been formally (or informally, *e. g.*, through attachment) apprised of the action against him, or evinced his awareness of the proceedings by effecting removal. By contrast, this defendant has shown that it is fully cognizant of the action against it by appending a copy of the summons and complaint as Exhibit B to its motion papers filed with this Court on June 1, 1977. Furthermore, defendant redoubled this demonstration by posting an undertaking to free the assets attached. A good deal less than this was deemed thoroughly adequate to fulfill the notice requirement for in personam jurisdiction in *Shaffer*, and even less sufficed for quasi-in-rem jurisdiction to attach in *Clark v. Wells, supra.*

What is critical in this case is that defendant had fair notice of the action against it and that it would be utterly unjust to permit the act of removal to void the action. Plaintiff has complied to the letter with the personal service of the summons and complaint required by state law to perfect jurisdiction begun by attachment. N.Y.C.P.L.R. §§ 311, 313, 314(3). Significantly, section 313 prescribes the identical method in order to serve a nonresident corporation in personam. If the Court concludes, as it does, that to require plaintiff to recommence this action in accord with Rule 4(c) were the case to continue quasi-in-rem would be at best "obeisance to form over substance," *Instituto Per Lo Sviluppo Economico Dell'Italia Meridionale v. Sperti Products, Inc.*, 47 F.R.D. 310, 313 (S.D.N.Y. 1969) (court would not require plaintiff to file new complaint in removed action commenced according to state procedure by the filing of a motion for summary judgment in lieu of complaint), the conclusion is inescapable and fully in accord with *Shaffer*, that service has been effected here in personam as well. However, to insure this just result in view of the fluid state of the law of what was formerly quasi-in-rem jurisdiction, and to overcome any hypertechnical interpretation of the various rules governing removal, attachment and service, the Court will invoke Rule 4(c) to specially appoint *nunc pro*

**762**

*tunc* as process server the Deputy Sheriff of Cook County, Illinois who is identified as having delivered process on April 28, 1977 in Exhibit B to Defendant's Notice of Motion to quash service, filed June 1, 1977.

There remains only the plaintiff's motion under Rule 37(a) for an order compelling discovery. In view of the confusion attendant on the jurisdictional question raised in this case the Court will deny that motion for the moment in the hope that the parties will now voluntarily cooperate to bring the action to a speedy conclusion on the merits.

For the reasons set forth, defendant's motions to dismiss under Rule 12(b)(5) and 12(b)(2) are denied; plaintiff's motion under Rule 37(a) is likewise denied.

So ordered.