**MARKETING SHOWCASE, INC., Plaintiff,**

v.

**ALBERTO–CULVER COMPANY, Defendant.**

**No. 77 Civ. 1798 (CHT).**

United States District Court, S. D. New York.

Oct. 17, 1978.

Ploscowe, Dweck & Sladkus, New York City, for plaintiff.

Layton & Sherman, New York City, for defendant.

## MEMORANDUM

TENNEY, District Judge.

Plaintiff, a New York corporation, commenced this suit in Supreme Court, New York County, predicating jurisdiction on an ex parte order of attachment issued pursuant to N.Y.C.P.L.R. § 6201 against New York debts owed to defendant, a Delaware corporation whose principal office is in Illinois. After the case was removed to this Court pursuant to 28 U.S.C. § 1441(b), defendant moved under Rule 12(b)(2) of the Federal Rules of Civil Procedure to dismiss the complaint for lack of jurisdiction. In a memorandum opinion, 445 F.Supp. 755 (S.D. N.Y.1978), this Court addressed the issue of whether, in light of the Supreme Court's decision in *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1976), jurisdiction could be asserted through the attachment of defendant's property. Finding that the property attached bore no relationship to the action, this Court determined that an exercise of jurisdiction by virtue of the attachment was improper. However, the Court denied defendant's motion to dismiss, finding sufficient contacts with the forum to support as a threshold matter jurisdiction in personam. 445 F.Supp. at 760.

On the motion presently before the Court, defendant seeks an order discharging the undertaking it posted in lieu of the attached res.[1] Defendant argues that discharge is warranted since the rationale upon which plaintiff sought and obtained the original order, *i. e.*, to acquire quasi in rem jurisdiction over defendant, was held to be insufficient. In opposing this motion, plaintiff does not attack the decision of this Court. Plaintiff does contend, however, that this Court's conclusion does not detract from what plaintiff asserts was the original purpose for the attachment: to secure payment of a judgment; therefore, plaintiff urges that the undertaking not be discharged. For the reasons below, the defendant's motion is granted.

The materials before the Court in this case do not support plaintiff's assertion that the attachment was obtained originally as a security device. For example, a letter to defendant from the attorney for plaintiff states that the "attachments are being served in order to obtain *in rem* jurisdiction." Letter from Jack S. Dweck, Esq. to Alberto-Culver Company dated March 31, 1977, appended to Petition for Removal as Exhibit A. Similarly, in plaintiff's memorandum of law submitted in opposition to the prior motion to dismiss, plaintiff again noted that in rem jurisdiction was "used as the basis for the order of attachment." Plaintiff's Memorandum at 2. The provisional remedy at issue here was the only one sought by plaintiff and its use as a security device is nowhere indicated. Notwithstanding, plaintiff maintains that it

---

1. N.Y.C.P.L.R. § 6223 presently provides:

   Vacating or modifying attachment

   (a) Motion to vacate or modify. Prior to the application of property or debt to the satisfaction of a judgment, the defendant, the garnishee or any person having an interest in the property or debt may move, on notice to each party and the sheriff, for an order vacating or modifying the order of attachment. Upon the motion, the court may give the plaintiff a reasonable opportunity to correct any defect. If, after the defendant has appeared in the action, the court determines that the attachment is unnecessary to the security of the plaintiff, it shall vacate the

   order of attachment. Such a motion shall not of itself constitute an appearance in the action.

   (b) Burden of proof. Upon a motion to vacate or modify an order of attachment the plaintiff shall have the burden of establishing the grounds for the attachment, the need for continuing the levy and the probability that he will succeed on the merits.

   Section 6223 as quoted reflects the amendments effective September 1, 1977. Language changes not relevant here were made to the text of subdivision (a), and subdivision (b) was added.

should now retain the attachment for security purposes.

The issue to be resolved on this motion is whether an attachment sought and obtained to support jurisdiction and subsequently found to be insufficient for that purpose should be continued as security for a potential judgment. The decision in *Marvin L. Walker & Associates, Inc. v. Mateba Webbing of Canada, Ltd.*, 424 F.Supp. 96 (S.D. N.Y.1976) (Owen, J.), is persuasive in resolving the instant dispute. There the order of attachment was granted to obtain quasi in rem jurisdiction over the defendant, a foreign corporation. The defendant submitted to in personam jurisdiction and then moved to vacate the attachment "on the ground that the original purpose of the attachment ha[d] been achieved." *Id.* at 96. The court agreed with the defendant

> that it would be inequitable to perpetuate the attachment on the additional ground that it is required as security for a possible money judgment against it when that was not a ground on which the attachment was originally sought and not a ground on which an attachment could

originally have been granted in the proper exercise of this Court's discretion.

*Id.* at 96–97.

Judge Owen emphasized that the attachment had been granted solely for jurisdictional purposes and that the issue of security was not present in the case. He concluded that "since plaintiff was not granted the order of attachment under C.P.L.R. § 6201(3) through (8), but only for jurisdictional purposes, which have been achieved," the motion to vacate should be granted. *Id.*[2] *See also New York Auction Co. v. Belt*, 53 A.D.2d 540, 384 N.Y.S.2d 464 (1st Dep't), *appeal dismissed*, 40 N.Y.2d 1079 (1976) (memorandum) (dismissing the complaint without prejudice and vacating an attachment secured as the basis for suit, noting: "[t]he attachment must fall, but is actually no longer necessary, for defendants accept jurisdiction here to litigate the claim. . . .").

The instant case presents a situation where the attached res bears no relationship to the cause of action, *Shaffer v. Heitner, supra*, and therefore forms no part of

**2.** To the extent that a contrary result was reached by the court in *Kend v. Chroma-Glo, Inc.*, 51 F.R.D. 547 (D.Minn.1970), *aff'd*, 478 F.2d 198 (8th Cir. 1973), this Court disagrees. The *Kend* decision not to vacate the attachment was a function of that court's determination that the defendant bore the burden of showing that the attachment was unnecessary to plaintiff's security. The court did not think it significant that the attachment was originally for jurisdictional purposes alone. By contrast, this Court, as did the *Walker* court, considers it significant that security for the payment of a judgment was not asserted as a basis for the attachment prior to this motion.

Moreover, plaintiff has not argued that defendant bears the burden on the question of security, and whether the burden is appropriately on the defendant is not as clear in this jurisdiction as the *Kend* court considered it to be in another. For example, in *Walker*, the court discussed and dismissed the notion that the defendant bore the burden of showing that "the attachment is not necessary for security when plaintiff was not granted the attachment on that ground," noting that such a burden would "raise serious questions as [to] the constitutionality of C.P.L.R. § 6223 as applied." 424 F.Supp. at 97. *Cf. Sugar v. Curtis Circulation Co.*, 383 F.Supp. 643 (S.D.N.Y.1974) (three-judge court), *vacated and remanded sub nom.*

*Carey v. Sugar*, 425 U.S. 73, 96 S.Ct. 1208, 47 L.Ed.2d 587 (1976) (holding that New York's attachment procedure was unconstitutional; vacated on the ground that the federal court should have abstained). *See also AMF, Inc. v. Algo Distributors*, 48 A.D.2d 352, 361, 369 N.Y. S.2d 460, 468 (2d Dep't 1975) (recognizing the flexibility of the burden, stating: "As we understand this section, broad discretion is given to a judge to vacate an attachment order 'when evidence, though not lacking altogether, may seem too weak or uncertain to justify the remedy . . . .'") (*quoting Zenith Bathing Pavilion v. Fair Oaks S. S. Corp.*, 240 N.Y. 307, 313, 148 N.E. 532 (1925)); *Regnell v. Page*, 82 Misc.2d 506, 511, 369 N.Y.S.2d 936, 941 (Sup. Ct.1975), *rev'd on other grounds*, 54 A.D.2d 540, 387 N.Y.S.2d 253 (1st Dep't 1976) ("Even assuming that the prevailing case law imposes the burden on defendant, such rule is neither implicit in nor directed by the New York statute and therefore should not affect its constitutionality.").

Finally, the New York Legislature amended § 6223, effective September 1, 1977, to reflect a burden different from that found by the *Kend* court, expressly placing on the plaintiff "the burden of establishing . . . the need for continuing the levy . . . ." N.Y.C.P.L.R. § 6223(b).

the nexus which exposes the defendant to the in personam jurisdiction of the Court. It may be true that an attachment which is sought to obtain jurisdiction and is, with other contacts, sufficient for that purpose under *Shaffer* may serve additionally as a security device. However, in this situation, the reason asserted for the attachment in the first instance failed to support the initial interference with defendant's property, and plaintiff offers no valid argument now that security is necessary as against this defendant. Under these circumstances there is no valid reason for continuing the attachment, and defendant's motion for an order discharging the undertaking is hereby granted.

So ordered.