### (May 11, 1981)

■ GEORGE C. ANDRES, JR., an Infant, by His Father and Natural Guardian, GEORGE C. ANDRES, SR., et al., Respondents, v GEORGE PERRY, Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant appeals from a judgment of the Supreme Court, Orange County, entered May 20, 1980, which is in favor of plaintiffs and against him, upon a jury verdict. Judgment reversed, on the law, with costs, and complaint

dismissed. The uncontradicted testimony established that the infant plaintiff was injured when the defendant struck him in the face with his fist. Clearly, a cause of action for the intentional tort of battery was made out. Nevertheless, plaintiffs framed this complaint solely on a theory of negligence, presumably in order to reach the "deep pocket" of defendant's insurer, which had issued a policy covering defendant's negligence but excluding liability for intentional acts. In our view, the evidence offered at trial was insufficient to sustain the plaintiffs' negligence theory and, therefore, the complaint should have been dismissed. Moreover, we are not inclined at this stage to conform the pleadings to the proof by substituting a finding of battery for the negligence theory asserted in the complaint. Although CPLR 3026 provides that pleadings should be liberally construed "'Liberality in pleading' is stretched too far when it is deemed permissible to plead one claim and then substitute for it an entirely different one" *(New York Auction Co. Div. of Std. Prudential Corp. v Belt,* 53 AD2d 540). This principle is especially applicable to the case at bar in view of the fact that, at a bench conference prior to trial, plaintiffs' counsel specifically stated: "I would say at this posture I intend as the plaintiffs' counsel to offer no proof of any intentional act." And, even after the testimony had been completed at trial, counsel did not see fit to move to conform the pleadings to the proof. Clearly, plaintiffs consistently and persistently chose to proceed solely on the theory of negligence. Accordingly, the judgment must be reversed and the complaint dismissed. Mollen, P.J., Hopkins, Titone and Weinstein, JJ., concur.